SHELCO, INC., and The Shelco Company,
Plaintiffs-Appellants,

v.

The **DOW CHEMICAL COMPANY** and
Harry G. Schierholz & Co.,
Defendants-Appellees.

SHELCO, INC., and The Shelco Company,
Plaintiffs-Appellants,

v.

**BOYLE–MIDWAY, INC.** and American
Home Products Corporation,
Defendants-Appellees.

Nos. 71–1061, 71–1062.

United States Court of Appeals,
Seventh Circuit.

April 5, 1972.

Rehearing Denied June 5, 1972.

Certiorari Denied Oct. 10, 1972.
See 93 S.Ct. 125.

**614**

W. Philip Churchill, Ronald F. Ball, New York City, Edwin M. Luedeka, Robert B. Jones, Fitch, Even, Tabin & Luedeka, Chicago, Ill., for plaintiffs-appellants; Fish & Neave, New York City, of counsel.

Dimitri D. Allegretti, George P. McAndrews, Timothy J. Malloy, Molinare, Allegretti, Newitt & Witcoff, Charles J. Merriam, Edward M. O'Toole, Carl Kustin, Merriam, Marshall, Shapiro & Klose, Chicago, Ill., for defendants-appellees; Carl E. Moore, Chicago, Ill., William Yates, M. B. Lilly, Richard Waterman, The Dow Chemical Co., Midland, Mich., of counsel.

Before SWYGERT, Chief Judge, and KILEY and FAIRCHILD, Circuit Judges.

SWYGERT, Chief Judge.

This is an appeal from a final judgment in a patent infringement action which held that the patent in suit, United States Patent No. 3,335,092, was invalid and which also awarded attorneys' fees and costs to the defendants. The only issues raised are whether the district court committed reversible errors in holding the patent invalid and in awarding attorneys' fees to defendants. We affirm the district court in both respects.

The patent at issue relates to the purported invention by Kenneth E. Perry of a chemical composition and a method for its use for the cleaning of baked-on soil from ovens. Although the patent contains thirty-two claims, Shelco, Inc., the plaintiff and assignee of the patent, asserts only the validity of Claims 5, 19, 31 and 32 on this appeal. Reduced to its essential elements, the invention claimed in Claim 19 amounts to an oven cleaning product that is an aqueous solution at least 50 per cent water by weight containing 3 per cent sodium hydroxide by weight as well as an unspecified quantity of any compatible surfactant and an unspecified quantity of either a glycol or glycerol humectant, which solution is to be applied from an aerosol container to a hot oven or grill. Claim 32 is the same except that it specifies propylene glycol in an unspecified amount as the humectant to be included in the product. Claim 5 claims the invention of a method of use of the product described in Claim 19 in which the product is to be aerosol-sprayed upon an oven or grill which is "at an [unspecified] elevated temperature," leaving the product on the hot oven for an unspecified time interval and then removing it. Claim 31 describes the same method for using the product set out in Claim 32.

The district court held that Claims 1 through 6, 14, 16 through 19, 26 and 28 through 32 of the patent were invalid on grounds of anticipation (35 U.S.C. § 102), obviousness (35 U.S.C. § 103) and indefiniteness (35 U.S.C. § 112). It further held that the patent was void in its entirety under 35 U.S.C. §§ 184 and 185 (filing application in a foreign country without a proper license to do so). Since Shelco, Inc. does not challenge the propriety of the district court's determination of invalidity as to any claims other than numbers 5, 19, 31 and 32, we limit our discussion to those enumerated claims.

## I

It is settled that, as a general rule, a purported invention is not anticipated "unless all of the same elements are found in exactly the same situation and united in the same way to perform an identical function" in a previously known product. Illinois Tool Works, Inc. v. Sweetheart Plastics, Inc., 436 F. 2d 1180, 1182–1183 (7th Cir. 1971); Amphenol Corp. v. General Time Corp., 397 F.2d 431, 438 (7th Cir. 1968). However, when the only features distinguishing the purported invention from a prior

art product are insubstantial, the earlier may properly be said to anticipate the later product. As we said in Deep Welding, Inc. v. Sciaky Bros., Inc., 417 F.2d 1227, 1234 (7th Cir. 1969), "[I]t is sufficient for anticipation 'if the general aspects are the same and the difference in minor matters is only such as would suggest itself to one of ordinary skill in the art.'"

The record here reveals the existence of three prior art products which, we believe, justify the district court's finding that Perry's purported invention was anticipated. The first such product which anticipated Perry was an oven cleaner made and sold by Capitol Packing Co. of Melrose Park, Illinois to Bissell, Inc. of Grand Rapids, Michigan. The unpatented oven cleaner bought and distributed by Bissell was first sold in November 1962, some eleven months prior to Perry's December 4, 1963 application. The formula pursuant to which the Bissell product was made from its beginning was expressed as follows (in percentages of its weight):

| | |
|---|---|
| Sodium orthosilicate | 7% |
| Sole-terge 325 | 7% |
| TS–2S | 2% |
| Safrol | 0.075% |
| Water | 83.925% |

The evidence before the trial court established that sodium orthosilicate is a physical mixture of sodium hydroxide and sodium metasilicate in a proportion of 40–60 respectively by weight so as to generate a concentration of 2.8 per cent free sodium hydroxide by weight in the foregoing formula. It was also established that the remaining ingredients of the Bissell product included compatible surfactants and a glycol humectant. According to the instructions for its use, Bissell was sprayed from an aerosol can upon a cold oven. However, the district court specifically found that Bissell was suitable for use on a hot oven.

We agree that Bissell anticipates Perry. The only differences between Bissell and the Claims 5 and 19 product and method are a miniscule difference in the amount of free sodium hydroxide (2.8 per cent in Bissell and 3 per cent in Perry) and the recommended application to a cold oven in Bissell and to a heated oven of unspecified temperature in Perry. Those differences were inconsequential, and Bissell anticipated Perry's broader Claims 5 and 19. The use of propylene glycol as specified in Claims 31 and 32 as the humectant is an inconsequential difference which does not survive the anticipatory aspects of Bissell.

Perry's purported invention is also anticipated by an unpatented oven cleaner made and sold by Beam Chemical Company from 1957 to the present. Beam was sold with a glass or plastic spray bottle and with instructions to apply it to a warm oven. The formula used by Beam on April 8, 1960 and for some time before and after that date produced a solution containing more than 50 per cent water by weight, about 2.8 per cent sodium hydroxide by weight, compatible surfactants and a glycol or glycerol humectant which, occasionally during the period 1957 through 1962, was sometimes propylene glycol. Thus, the only real distinction between Beam and Perry was that Perry was aerosol-dispensed while Beam was dispensed by a so-called Windex-type sprayer. That difference is inconsequential as the district court found and as evidenced by Perry's statement in his patent that, "The same results were achieved by spraying the cleaner of the example on a hot oven with a conventional pressure atomizer." Beam therefore anticipated the patent in suit.

Finally, Perry's product was sold and used more than one year prior to the application, thereby calling into effect the statutory bar of 35 U.S.C. § 102(b). In October 1962 Perry made and sold a 30 gallon drum of the oven cleaner claimed in the patent without including the furfuryl alcohol "catalysts" required by some claims of the patent. The solution was more than 50

per cent water by weight and contained 3 per cent sodium hydroxide, a humectant and a surfactant. Also, not later than December 1962, Perry made a 20 gallon batch of the same oven cleaner which was placed in plastic squeeze bottles and used for testing purposes, except for one such bottle which was given to a home economist with Vaugn Electric Co. of Somerville, Massachusetts, to cultivate future orders for the oven cleaner. No confidentiality restrictions were imposed. The sale of this oven cleaner (called "Winbro 403" at the time of the sale) and the giving of one bottle to Vaugn Electric's home economist constituted a public use or sale of the invention more than one year prior to the application. That transaction barred the granting of the patent pursuant to section 102(b). Frantz Mfg. Co. v. Phenix Mfg. Co., 457 F.2d 314 (7th Cir. 1972).

## II

Had the applicable prior art described in the foregoing not anticipated the Perry oven cleaner, i.e., had it not been sufficiently identical to anticipate, it is clear that Perry's purported invention would have been obvious by the teachings of the above described oven cleaners. Given a prior art which included Bissell and Beam, the obviousness of Perry cannot be questioned. Moreover, the prior art tending to establish obviousness is even more extensive than that which established anticipation.

The oldest example of the prior art which renders Perry obvious is a paragraph in a home reference work entitled Henley's Formulas, Processes and Trade Secrets (1948) which stated:

To Clean A Gas Stove—An easy method of removing grease spots consists in immersing the separable parts for several hours in a warm lye [sodium hydroxide], heated to about 70°C. (158°F.), said lye to be made of nine parts of caustic soda and 180 parts of water [5% sodium hydroxide and 95% water]. These pieces, together with the fixed parts of the stove, may be well brushed with this lye and afterwards rinsed in clean, warm water. The grease will be dissolved, and the stove restored almost to its original state.

Several prior art items were patented in the United States, of which only two were considered by the patent office. Those two were United States Patents Nos. 3,031,408 and 3,031,409 issued April 24, 1962 to one Perlman. They covered an anhydrous, reduced caustic oven cleaner which contained 2 to 3 per cent of sodium or potassium hydroxide, surfactants and glycol humectants. The '409 patent also taught that spraying some such compounds from an aerosol package produces a foam. Although the '408 and '409 patents do not require application to a heated oven, the products described by both patents were suitable for such application.

At least two other patents not considered by the patent office properly constitute relevant prior art with regard to the Perry patent. United States Patent No. 3,079,284, issued February 26, 1963 to one Boucher, disclosed an oven cleaner more than 50 per cent water including sodium hydroxide in amounts as low as 5 per cent which was to be applied to an oven which was then heated for catalytic effect. United States Patent No. 2,992,995, issued July 18, 1961 to one Arden, disclosed an aqueous cleaning solution with sodium hydroxide in as low an amount as 4 per cent where items to be cleaned were dipped in the solution heated to temperatures over 200°F. The latter patent also divulged the use of glycols and glycerols as humectants.

The district court also found that the separate work of John J. Sullivan and John W. Seljan constituted prior art which was relevant to Perry and rendered it obvious. We agree, but we do not discuss those items of prior art since their effect is cumulative.

Based on the prior art described above, one skilled in the art of liquid oven cleaners would know or could easily discover that aqueous solutions for such

purposes can be effective at concentrations of caustic less than 10 per cent by weight, that surfactants and humectants are useful ingredients therein, that glycol or glycerol humectants are common in such solutions, that they may be sprayed from aerosol cans or plastic or glass atomizers of various types, that some such solutions spray as a foam from aerosol cans and that heat is a useful catalyst in the cleaning reaction produced by the application of such products to burned-on oven soil. We believe, as did the district court, that a person ordinarily skilled in the art of liquid oven cleaners would find Perry's product and method obvious.

### III

A review of the patent office file relating to the application which became United States patent No. 3,335,092, together with a reading of the patent itself, justifies the district court's determination that the patent is void for indefiniteness under 35 U.S.C. § 112. The patent states no invention over the prior art. We believe that the reason no such statement can be found in the patent is because there was no invention involved. Conflicts between Perry's testimony herein and the claims and specifications of the patent make clear that what it is that was supposed to have been invented remains unclear. Perry's patent states that the method of application of the oven cleaner as between conventional atomizers and aerosol cans is unimportant as to the result. At trial, however, Shelco, Inc. claimed that solving the problem of aerosol packaging of caustic oven cleaner solutions was the invention. But the patent neither describes the nature of such a problem nor its solution and therefore fails for indefiniteness since no other invention has been asserted or identified in the patent. Shelco has also half-heartedly asserted that the invention consists of the use of 20 per cent propylene glycol as a humectant in the cleaning solution. We ignore that contention since the patent does not identify the use of propylene glycol as

the invention, nor does it specify the amount of propylene glycol to be used, and it specifically states that the "invention" it encompasses includes compositions similar to the example which contain no humectant at all.

### IV

35 U.S.C. § 184 prohibits the filing of an application for a patent in a foreign country prior to six months after the filing of an application in this country where the subject matter of the application is the same and the invention was made in this country except when authorized by a license from the commissioner of patents to apply for a foreign patent. 35 U.S.C. § 185 provides that a United States Patent shall be invalid where a foreign application for the same invention was made without the proper license. The district court determined that the instant patent was invalid pursuant to 35 U.S.C. §§ 184 and 185. We agree.

The basis for the district court's determination that Perry violated 35 U.S.C. § 184 was its specific finding of fact that the only license applied for with respect to the invention claimed was issued in January 1964. At that time Perry's application for a United States patent, upon which the license was based, claimed that the presence of a furfuryl alcohol catalyst was essential to the invention. The license specifically stated that subsequent amendments to the original United States patent application were not authorized by it for filing abroad. Not until April 20, 1964 did Perry file any claim with the U.S. Patent Office which did not require the presence of the catalyst. However, Perry's original foreign application claimed invention in oven-cleaning compositions which did not include the catalyst and thus exceeded the license.

It is clear to us, therefore, that Perry violated the provisions of 35 U.S.C. § 184 and that the district court's declaration of the invalidity of the patent pursuant to 35 U.S.C. § 185 was justified. Beckman Instruments, Inc. v. Coleman

**618**

Instruments, Inc., 338 F.2d 573 (7th Cir. 1964).

## V

35 U.S.C. § 285 authorizes district courts to award attorney's fees to the prevailing party in "exceptional cases." The basis for the district court's determination that this was an exceptional case was its finding that Perry had practiced fraud on the patent office in several respects and that he and Shelco had otherwise acted improperly. in that:

    (1) Perry's purported invention was copied from the Beam oven cleaner;

    (2) Perry had deliberately withheld information from the patent examiner which was relevant to the application;

    (3) Perry had deliberately misrepresented to the patent examiner facts which were relevant to the application;

    (4) Perry and Shelco, Inc. brought this lawsuit in bad faith because they knew or reasonably should have known that the patent was invalid.

Fraud on the patent office or bad faith in asserting the validity and infringement of a patent is ample justification for holding that a patent case is an exceptional one within the intendment of 35 U.S.C. § 285. Monolith Portland Midwest Co. v. Kaiser Aluminum & Chem. Corp., 407 F.2d 288, 294 (9th Cir. 1969); *see* Townsend Co. v. M.S.L. Indus., 359 F.2d 814 (7th Cir. 1966). Our inquiry must therefore be directed to whether the district court's determinations of fraud and bad faith were clearly erroneous. Fed.R.Civ.P. 52(a); *see* Townsend Co. v. M.S.L. Indus., *supra* at 817.

After reviewing the evidence upon which the district court based its findings, we conclude that the findings of fraud and bad faith on the part of Perry and Shelco, Inc. cannot be said to be clearly erroneous. That being the case, the district court acted properly within its discretion in declaring this case to be "exceptional" and thereupon awarding attorneys' fees to the defendants.

The judgment of the district court is affirmed.