COLUMBIA BROADCASTING SYSTEM, INC., Plaintiff-Appellee,

v.

ZENITH RADIO CORPORATION and The Rauland Corporation, Defendants-Appellants.

No. 75–2157.

United States Court of Appeals, Seventh Circuit.

Argued April 8, 1976.

Decided June 30, 1976.

Rehearing and Rehearing En Banc Denied Aug. 17, 1976.

Dugald S. McDougall, Francis W. Crotty, Chicago, Ill., for defendants-appellants.

Herbert P. Kenway, Boston, Mass., James R. Sweeney, Chicago, Ill., for plaintiff-appellee.

Before PELL, SPRECHER, Circuit Judges, and JAMESON, Senior District Judge.*

SPRECHER, Circuit Judge.

This action seeking damages for infringement of U.S. Letters Patent Nos. 2,690,518 and 3,179,836 concerning the design of color television picture tubes was brought by Columbia Broadcasting System, Inc. against Zenith Radio Corp. and its subsidiary The Rauland Corp. The district court, after a bench trial, held the patents in issue valid and infringed by devices made by the defendants. The court awarded CBS total damages in the amount of $3,809,-544.00 together with interest from the date of the award. These damages included an award of $2,860,037.00 for infringement of patent No. 2,690,518, an award of compensatory damages on this infringement in the form of interest at 6% from February 2, 1970 (the date of finality of a prior suit

* The Honorable William J. Jameson, United States Senior District Judge for the District of Montana, is sitting by designation.

holding the '518 patent valid) totaling $898,-420.00, and an award of $51,087.00 for infringement of patent No. 3,179,836. The district court made these awards on the findings of fact and conclusions of law contained in two memorandum opinions, one published as *Columbia Broadcasting System, Inc. v. Zenith Radio Corp.*, 391 F.Supp. 780 (N.D.Ill.1975) and the other unpublished and attached hereto as an Appendix (along with the final judgment order). We affirm this cause on the basis of, and adopt as our own, the excellent opinions of the late Judge McLaren in this cause, except to the extent that they awarded pre-judgment interest. On this subject, for the reasons stated below, we reverse.

The award of pre-judgment interest in the district court was made on the basis of exceptional and unusual circumstances. The court found that after denial of certiorari in *Sylvania Electric Products, Inc. v. Columbia Broadcasting System*, 396 U.S. 1061, 90 S.Ct. 755, 24 L.Ed.2d 755 (1970), "Zenith was faced with a prior finding of validity and industry-wide acceptance of licensing agreements including an early license with RCA, the major developer of color TV innovations." And it held that "Zenith should have been on notice at that date that it could be liable to CBS."

■ We have held (as the district court recognized) that under the present statutory scheme 35 U.S.C. § 284 allows a grant of interest running only from the date damages are liquidated unless exceptional circumstances are present. *Union Carbide Corp. v. Graver Tank & Mfg. Co.*, 282 F.2d 653, 677 (7th Cir. 1960). Judge Tone reconsidered this position and reaffirmed the holding in *Wahl v. Carrier Mfg. Co.*, 511 F.2d 209 (7th Cir. 1975). We realize that this view is inconsistent with at least the

view taken by the Second Circuit on this question, *Georgia-Pacific Corp. v. U.S. Plywood-Champion Papers, Inc.*, 446 F.2d 295 (2d Cir. 1971), but decline, as did Judge Tone, to change the law of the circuit.

■ Exceptional circumstances justifying an award of prejudgment interest have been found in relatively few cases.[1] In this circuit, the definition of "exceptional circumstances" has developed in cases considering 35 U.S.C. § 285, the section which allows the award of attorney's fees in "exceptional cases." In *Sarkes Tarzian, Inc. v. Philco Corp.*, 351 F.2d 557, 560 (7th Cir. 1965), this court held that exceptional circumstances were present only where there was "gross injustice and where fraud and wrong-doing are clearly proved." *Technograph Printed Circuits, Ltd. v. Methode Electronic, Inc.*, 484 F.2d 905 (7th Cir. 1973). This high standard has been modified slightly so that exceptional circumstances are not limited strictly to the fraud category. *L. F. Strassheim Co. v. Gold Metal Folding Furniture Co.*, 477 F.2d 818, 824 n.9 (7th Cir. 1973). In *Strassheim*, Justice (then Judge) Stevens held that "the patentee's failure to verify or disclose critical facts at the time of application" clearly constituted an "exceptional oversight" of critically important information which "resulted in an erroneous judgment and put plaintiff to legal expenses that would otherwise have been unnecessary."[2] *Id.* Thus, exceptional circumstances require a clear showing of bad faith or fraud, which would constitute a gross injustice if not remedied. Here, the district court found that:

> Zenith corporate officials held a *bona fide* and reasonable belief that its tubes did not infringe the '518 patent. Moreover, Zenith presents several *bona fide* defenses to validity and enforcement requiring a full airing of the facts surrounding

1. In other circuits, exceptional circumstances usually involved wilful and wanton infringement, fraudulent copying or use of another's inventions, *Chesapeake & Ohio Ry. Co. v. Kaltenbach*, 124 F.2d 375, 377 (4th Cir. 1941) or malicious infringement used to destroy competition from the patent owner, *Mathey v. United Shoe Machinery Co.*, 54 F.Supp. 694, 700–701

(D.Mass.1944). In all cases, the infringer's actions show a lack of good faith.

2. See also, *Shelco, Inc. v. Dow Chemical Co.*, 466 F.2d 613, 618 (7th Cir. 1972) where we held that "Fraud on the patent office or bad faith in asserting the validity and infringement of a patent is ample justification for [finding] an exceptional [case]."

the '518 patent. The Court has rejected these defenses but finds they were made in good faith.

The "unusual commercial circumstances" relied on by the district court to support an award of pre-judgment interest do not constitute exceptional circumstances.

The cause is affirmed in all respects except as to the award of $898,420.00 in pre-judgment interest, which is reversed.

AFFIRMED in part; REVERSED in part.

## APPENDIX

## MEMORANDUM OPINION AND ORDER

This case is a patent infringement action involving color TV picture tube patents. In a previous memorandum opinion and order dated March 17, 1975, the Court found the patents in suit, the Fyler and Rowe and Giuffrida patents, valid and infringed. *Columbia Broadcasting System, Inc. v. Zenith*, 391 F.Supp. 780 (N.D.Ill.1975). In lieu of appointing a special master to determine the appropriate reasonable royalty to be assessed against Zenith, further hearings on damages were heard by the Court. Two issues remain to be determined: (1) What are the proper royalty rates for the patents in suit? (2) Is CBS entitled to an award of interest, and if so, at what rate and from what date? This opinion shall constitute the Court's findings of fact and conclusions of law on these two issues pursuant to F.R.Civ.P. 52(a).

With respect to the Fyler and Rowe patent, the Court believes forty cents (40¢) per tube is a proper royalty. In granting licenses and settling litigation with other American tube manufacturers, CBS based its calculations on the forty cent rate. The Sylvania litigation was settled on this basis. This rate was specifically negotiated in the Amperex license. As early as 1964, CBS offered to settle with Zenith for the forty cent figure. Other settlements were based on CBS estimations of competitors' production figures adjusted and discounted to avoid issues involving contributory infringement. The end result, however, always approached the forty cent figure. The forty cent rate is also comparable to the royalty rate for other basic patents for color TV tubes.[1]

The licensing history for the Giuffrida patent presents a less extensive pattern, apparently Giuffrida was not as widely used in the industry as Fyler and Rowe. With respect to Giuffrida, the only manufacturer comparable with Zenith is Sylvania. The established royalty rate for Sylvania for Giuffrida was ten cents per tube. This figure is comparable to the royalty rate for other, less important patents used in the manufacture of color TV picture tubes. The Court thus believes that the ten cent (10¢) per tube rate for Giuffrida should be adhered to here as the reasonable royalty rate.

CBS also argues that it should be entitled to interest at prime interest rates from the date of infringement. 35 U.S.C. § 284 gives the district court its traditional discretionary power in equity to award interest. *Georgia-Pacific Corp. v. U.S. Plywood-Champion Papers Inc.*, 446 F.2d 295 (2d Cir. 1971), *cert. denied*, 404 U.S. 870, 92 S.Ct. 105, 30 L.Ed.2d 114 (1971). While this Circuit recognizes this rule, our Court of Appeals has continued to apply the earlier rule that interest should run from the date damages are liquidated absent exceptional circumstances. *Wahl v. Carrier Mfg. Co.*, 511 F.2d 209 (7th Cir. 1975); *Union Carbide Corp. v. Graver Tank Mfg. Co.*, 282 F.2d 653 (7th Cir. 1960), *cert. denied*, 365 U.S. 812, 81 S.Ct. 692, 5 L.Ed.2d 691 (1961).

In the previous decision the Court determined that Zenith defended this action in good faith. It is this Court's view, how-

1. The six Japanese manufacturers were granted licenses by CBS at the rate of $1.25 per tube. This figure appears to have been inflated to account for other considerations not fully explained by CBS here. Thus the Court in adopting the forty cent rate has discounted the rates established in the Japanese licenses.

ever, that this finding does not preclude a finding of exceptional circumstances within the meaning of *Wahl.* The previous finding of good faith was necessitated by the CBS claim for treble damages and attorneys' fees under 35 U.S.C. § 285. Treble damages and attorneys' fees can also only be awarded in "exceptional circumstances" where infringement is willful, intentional, and deliberate. The additional award in such a case is granted as a penalty. An interest award under 35 U.S.C. § 284 in contrast is compensatory in nature. Thus exceptional circumstances could refer to unusual commercial considerations necessitating an interest payment to make the patentee whole or to preserve equality between licensees in the marketplace.

In the instant case, unusual commercial circumstances mandate an award of interest for royalty payments due for infringement of Fyler and Rowe.[2] As set out in this Court's previous opinion, Zenith was faced with a prior finding of validity and industrywide acceptance of licensing agreements including an early license with RCA, the major developer of color TV innovations. With this factual background, the Court believes that as compensatory damages CBS should receive interest payments for the use of its money from the date the Supreme Court denied certiorari in the *Sylvania* case. Zenith should have been on notice at that date that it could be liable to CBS. Moreover, such an award would help place Zenith on equal footing with other domestic licensees who made payments contemporaneously with manufacture, preserving the competitive positions of earlier licensees. Interest payments should be at the legal rate, six per cent (6%) per annum, computed as simple interest. Plaintiff shall prepare and present on notice a draft order

encompassing the views expressed herein within ten (10) days.

It Is So Ordered.

Entered:
R. W. McLaren
United States District Judge

Dated: September 8, 1975

### FINAL JUDGMENT ORDER

This cause having come before the Court as to the matter of damages to be awarded the plaintiff to compensate it for defendants' infringement of Fyler and Rowe United States patent No. 2,690,518 and Giuffrida United States patent No. 3,179,836, and the parties having presented evidence and briefs, it is now Ordered and Decreed:

1. That defendants shall pay plaintiff, with respect to the infringement of the Fyler and Rowe patent, royalty at the rate of 40¢ per tube at which rate the award is $2,860,037.00.

2. In view of exceptional circumstances, as set forth in the Court's Memorandum Opinion and Order of September 8, 1975, plaintiff is further awarded compensatory damages in the form of interest at the rate of 6% per annum, not compounded, beginning February 2, 1970, the date on which the United States Supreme Court denied the petition for certiorari in *Columbia Broadcasting System v. Sylvania Electric Products, Inc.,* 396 U.S. 1061, 90 S.Ct. 755, 24 L.Ed.2d 755,* and running to September 8, 1975. On that basis plaintiff is awarded compensatory damages of $898,420.00.

3. For infringement of the Giuffrida patent defendants shall pay royalty at the rate of 10¢ per tube. In the absence of exceptional circumstances surrounding defendants' infringement of the Giuffrida patent, no compensatory damages are awarded for the infringement of that patent. On that basis defendants shall pay plaintiff $51,087.00.

---

2. The less extensive licensing history of Giuffrida and the ambiguous result in the Sylvania litigation with respect to that patent militates against an interest award for payments due on Giuffrida. An interest award on Giuffrida will therefore be denied.

* In 24 L.Ed.2d the case is erroneously titled "Sylvania Electric Products Inc. v. County Broadcasting System".

4. On the foregoing basis defendants shall pay plaintiff the total sum of $3,809,-544.00, together with interest at 6% from the date hereof.

It is so ordered.

ENTER:
R. W. McLaren
United States District Judge

Dated: October 21, 1975