546 F.2d 297
 192 U.S.P.Q. 481
 MAURICE A. GARBELL, INC., a California Corporation, and
Garbell Research Foundation, a California
Nonprofit Corporation, Appellants,
v.
The BOEING COMPANY, a Delaware Corporation, Appellee.
MAURICE A. GARBELL, INC., a California Corporation, and
Garbell Research Foundation, a California
Nonprofit Corporation, Appellants,
v.
McDONNELL DOUGLAS CORPORATION, Appellee.
 No. 74-1017.
 United States Court of Appeals,
Ninth Circuit.
 Nov. 10, 1976.
Rehearing and Rehearing En Banc Denied Dec. 28, 1976.
 
 George B. White (argued), San Francisco, Cal., for appellants.
 Richard B. Hoegh (argued), Hahn, Cazier, Thornton, Hoegh & Leff, Los Angeles, Cal., for appellees.
 Before GOODWIN and SNEED, Circuit Judges, and EAST,* District Judge.
 GOODWIN, Circuit Judge:
 
 
 1
 Maurice A. Garbell, Inc., and Garbell Research Foundation appeal an adverse judgment in this patent infringement suit against The Boeing Company and McDonnell Douglas Corporation claiming infringement of Claims 1, 2, 3, and 7 of the Garbell Patent No. 2,441,758.
 
 
 2
 The Garbell plaintiffs acquired the patent by assignment from the patentee, Dr. Maurice A. Garbell. After several years of discovery and an extended trial, the defendants prevailed on all counts.[1] The court awarded attorney's fees of $237,062.50 to the defendants pursuant to 35 U.S.C. § 285.
 
 I. Patent Validity
 
 3
 The patent in suit is entitled "Fluid Foil Lifting Surface," and concerns the shape of airplane wings. The district court held that this patent had almost every defect known to patent law: it did not meet the test of novelty and utility as required by 35 U.S.C. § 101;[2] it was anticipated by prior art and thus was invalid under 35 U.S.C. § 102(a);[3] the invention had been on sale and in public use more than one year prior to the date of the application for the patent as contemplated by 35 U.S.C. § 102(b);[4] the subject matter of the patent was obvious to one skilled in the art and thus the patent was invalid under 35 U.S.C. § 103;[5] and the teachings of the patent were insufficient and the claims ambiguous under 35 U.S.C. § 112.[6]
 
 
 4
 Dr. Garbell's wing design utilizes three airfoil sections. An airfoil section represents a cross section of the wing at various points along its width. One property of an airfoil section is its meanline camber. Dr. Garbell claims that his wing embodies a novel and unique relationship between the meanline cambers of the airfoil sections.[7] The Garbell wing design is said to reduce the danger of uncontrollable stalls in the aircraft.
 
 
 5
 The district court was not convinced that Garbell's design constituted a novel or unique approach to wing geometry. The court found, as noted, that the invention had been anticipated by prior art. For example, the Curtiss-Wright Co. built a series of planes which by 1940 included models CW-21(b) and CW-23. The issue of the geometry of the wings of these Curtiss-Wright models was referred to a Special Master. The finding of the Special Master (adopted by the district court) was that the geometry of the wings of the Curtiss-Wright planes embodied the same combination of elements as Claims 1, 2, 3, and 7 of the Garbell patent.
 
 
 6
 The court also found that the essence of the Garbell Wing had been published and was well known more than one year prior to his patent application. This knowledge was imparted through reports and publications by Garbell himself as well as by other aeronautical engineers and the National Advisory Committee on Aeronautics. Although no other wing description exactly duplicated the Garbell Wing, the court found that a consideration of the totality of the prior publications would render the wing design obvious to a skilled member of the airframe industry.
 
 
 7
 Additionally, the court found that the Garbell Wing was on sale more than one year prior to the date of the patent application and that Garbell actively participated in those sales efforts. Finally, the court adopted a finding that the teachings of the patent did not give sufficient guidance to the public so as to avoid the necessity for extensive experimentation to make the patent operable.
 
 
 8
 In reaching its findings, the court relied upon evidence produced in lengthy proceedings which included the testimony of several expert witnesses and the interpretation of numerous scientific exhibits. Unless found to be clearly erroneous, the findings of the district court must be upheld. Fed.R.Civ.P. 52(a); Tri-Tron International v. A. A. Velto, 525 F.2d 432 (9th Cir. 1975); W. S. Shamban and Co. v. Commerce and Industry Insurance Co.,475 F.2d 34 (9th Cir. 1973).
 
 
 9
 After a review of the record in this case, we cannot say that these findings are clearly erroneous. Since the district court applied the correct law to the findings, we must affirm the judgment as to the invalidity of this patent.II. Attorney's Fees and Costs
 
 
 10
 Under 35 U.S.C. § 285,[8] the district court may award reasonable attorney's fees to the prevailing party in "exceptional" patent cases. This award is within the discretion of the trial court. Appellate courts do not countermand that discretion unless it has been abused or there has been an erroneous conception of the law on the part of the trial judge. Purer & Co. v. Aktiebolaget Addo, 410 F.2d 871 (9th Cir.), cert. denied, 396 U.S. 834, 90 S.Ct. 90, 24 L.Ed.2d 84 (1969); Shingle Products Patents, Inc. v. Gleason, 211 F.2d 437, 441 (9th Cir. 1954).
 
 
 11
 The trial court's discretion in awarding attorney's fees in patent cases may be invoked only upon a finding of bad faith or unequitable conduct on the part of the losing party which would make it grossly unjust for the prevailing party to be left with the burden of his litigation expenses. Purer & Co. v. Aktiebolaget Addo, supra; Rohr Aircraft Corporation v. Rubber Teck, Inc., 266 F.2d 613, 624 (9th Cir. 1959); Park-In Theaters, Inc. v. Perkins, 190 F.2d 137, 142 (9th Cir. 1951).
 
 
 12
 In the case before us, the district court found that the conduct of the plaintiffs amounted to bad faith and that it "would be unconscionable to require the defendants to bear the burden of their defense cost." Maurice A. Garbell Inc. v. Boeing Co., 385 F.Supp. at 38 (Finding N17). Specifically, the court found that Garbell had misled the patent office by suppressing relevant evidence of prior publications, 385 F.Supp. at 38 (Findings N13-N15, N17), and that he did not make a reasonable assessment of the possibilities of infringement before bringing suit (Finding N16).[9]
 
 
 13
 A patent applicant owes a duty to the patent office to make a full and fair disclosure of all facts which may affect the patentability of his invention. Precision Instruments Manufacturing Co. v. Automotive Maintenance Machinery Co., 324 U.S. 806, 818, 65 S.Ct. 993, 89 L.Ed. 1381 (1945). A breach of that duty is relevant not only in determining the validity of the patent but also the good faith of the applicant in maintaining subsequent infringement actions. Monolith Portland Midwest Co. v. Kaiser Aluminum and Chemical Corp., 407 F.2d 288 (9th Cir. 1969); United States v. Barker,514 F.2d 1077 (2d Cir. 1975).
 
 
 14
 While the district court noted that the conduct of the plaintiff may not have amounted to fraud, it "was below the standards of good faith and candor required by inventors dealing with the Patent Office." Maurice A. Garbell Inc. v. Boeing Co., 385 F.Supp. at 38 (Finding N15). This finding of bad faith is an adequate foundation for deciding that this case is exceptional within the meaning of 35 U.S.C. § 285. Monolith Portland Midwest Co. v. Kaiser Aluminum and Chemical Corp., supra; Shelco Inc. v. Dow Chemical Co.,466 F.2d 613 (7th Cir. 1972); Kahn v. Dynamics Corp. of America, 508 F.2d 939 (2d Cir. 1974); cert. denied, 421 U.S. 930, 95 S.Ct. 1657, 44 L.Ed.2d 88 (1975).
 
 
 15
 The additional finding that the patentee did not make a reasonable assessment of the possibilities of infringement before bringing suit lends further support to the conclusion that this case was "exceptional". Talon Inc. v. Union Slide Fastener Inc., 266 F.2d 731 (9th Cir. 1959); Kaehni v. Diffraction Co., 342 F.Supp. 523, 526 (D.C.Md.1972).
 
 
 16
 We have also noted that the record is replete with circumstantial evidence of intransigence and vexatious behavior by the plaintiffs which ran up the costs. The trial court's findings of bad faith are supported by the record and are not clearly erroneous. We agree with the trial court that this is an "exceptional" case which justifies the award of attorney's fees under 35 U.S.C. § 285.
 
 
 17
 The award of $237,062.50 in attorney's fees is one of the largest reported awards under 35 U.S.C. § 285. However, in light of the extraordinary length of time (ten years) that was consumed by these proceedings and the necessarily great number of hours expended on behalf of the defendants by their counsel,[10] we cannot say that this award is excessive or unreasonable.
 
 
 18
 Appellants have sought to make a point of some of the colloquy on the part of the trial judge which indicated the strength of the judge's feelings about the antecedent behavior of some of the appellants. While the judge expressed himself forcefully, and perhaps thereby added unneeded fuel to the appellants' displeasure, we cannot say that the colloquy reveals bias or prejudice. The trial judge's somewhat scathing remarks were not surprising in light of the provocation, even though, upon more mature reflection, he might have delivered substantially the same message in softer language.
 
 
 19
 Finally, the award of costs to the defendants in the amount of $51,943.03 was also within the discretion of the trial court and entirely proper. Fed.R.Civ.P. 54(d); 28 U.S.C. § 1821; 28 U.S.C. § 1920.
 
 
 20
 The judgment of the district court is affirmed in all respects.
 
 
 
 *
 The Honorable William G. East, United States District Judge for the District of Oregon, sitting by designation
 
 
 [1]
 Maurice A. Garbell Inc. v. Boeing Co., 385 F.Supp. 1 (C.D.Cal.1973)
 
 
 [2]
 "Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title."
 
 
 [3]
 "A person shall be entitled to a patent unless (a) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for the patent * * *."
 
 
 [4]
 "A person shall be entitled to a patent unless * * * (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for the patent in the United States * * *."
 
 
 [5]
 "A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains * * *."
 
 
 [6]
 "The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention * * *."
 
 
 [7]
 A more detailed description of the technical features of the proposed wing design and the state of the prior art is contained in the district court's opinion. Maurice A. Garbell Inc. v. Boeing Co., 385 F.Supp. 1 (C.D.Cal.1973)
 
 
 [8]
 "The court in exceptional cases may award reasonable attorney fees to the prevailing party."
 
 
 [9]
 Because we held that these findings adequately support the award of attorney's fees, we express no opinion on the alternate grounds relied upon by the district court
 
 
 [10]
 These proceedings began in 1963 and took over ten years to complete, even excluding the time consumed by this appeal. The court found that counsel for the defendants reasonably expended 18,525 hours on this case