**PAPER CONVERTING MACHINE CO., Plaintiff,**

v.

**FMC CORPORATION, Defendant.**

**No. 59–C–152.**

United States District Court,
E. D. Wisconsin.

Oct. 31, 1978.

Joseph P. House, Jr., Wheeler, Morsell, House & Fuller, Milwaukee, Wis., Jerome F. Fallon, Dawson, Tilton, Fallon & Lungmus, Chicago, Ill., for plaintiff.

Arthur H. Seidel, Quarles & Brady, Milwaukee, Wis., Charles F. Meroni, Sr., Hill, Gross, Simpson, Ronald L. Engel, Kirkland & Ellis, Chicago, Ill., for defendant.

DECISION and ORDER

MYRON L. GORDON, District Judge.

On May 18, 1977, judgment was entered in this case awarding the plaintiff $1,949,974 in damages, plus $25,000 as attorney's fees and costs as allowed by law. This judgment was affirmed by the court of appeals for the seventh circuit in an order dated August 11, 1978. This matter is now before me on the plaintiff's motion to fix the award of interest in this case at 7½% per annum, computed from the date of the master's report, June 15, 1976, approximately eleven months before judgment in this case was entered. For the reasons which follow, the plaintiff's motion will be denied.

At page 17 of its order affirming the judgment in this case, the court of appeals stated:

"[n]or is plaintiff entitled to interest running from before the date the judgment was entered. Pre-judgment interest may only be awarded in an 'exceptional' case, *Columbia Broadcasting System v. Zenith Radio Corp.*, 537 F.2d 896 (7th Cir. 1976); *Wahl v. Carrier Mfg. Co., Inc.*, 511 F.2d 209, 215 (7th Cir. 1975)."

The preceding statement is the law of this case. *See also, Paper Converting Machine Co. v. FMC Corp.*, 432 F.Supp. 907, 912 (E.D.Wis.1977).

I am not persuaded by the plaintiff's contention that the court of appeals meant to say "pre-liquidation" instead of "pre-

judgment." The statement of the court of appeals was in accordance with Rule 37, Federal Rules of Appellate Procedure, which provides "[u]nless otherwise provided by law, if a judgment for money in a civil case is affirmed, whatever interest is allowed by law shall be payable from the date the judgment was entered in the district court." The court's statement is also consistent with 28 U.S.C. § 1961, which provides:

> "[I]nterest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at the rate allowed by State law."

Thus, I find that the plaintiff is entitled to interest computed only from the date that the judgment was entered in this case. Moreover, the plaintiff is only entitled to interest computed at 7% per annum. This is the interest rate provided in § 815.05(8), Wis.Stat., which is the appropriate state statute governing the rate of interest in this case pursuant to 28 U.S.C. § 1961.

Therefore, IT IS ORDERED that the plaintiff's motion to fix interest in this case at a rate of 7½% per annum, to be computed from the date of the master's report be and hereby is denied. Costs in the sum of $300.00 are awarded to the defendant on this motion.