**PFIZER, INC., Plaintiff-Appellee,**

v.

**INTERNATIONAL RECTIFIER CORPORATION, Rachelle Laboratories Italia, S.p.A., Rachelle Laboratories, Inc., Rachelle Pharmaceuticals International, S.A., Defendants-Appellants.**

No. 81–5227.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 4, 1982.

Decided Aug. 26, 1982.

Rehearing Denied Sept. 30, 1982.

---

Myron Cohen, Hubbell, Cohen, Stiefel & Gross, New York City, for defendants-appellants.

Robert E. Cooper, Gibson, Dunn & Crutcher, Los Angeles, Cal., for plaintiff-appellee.

Before ELY, GOODWIN, and WALLACE, Circuit Judges.

ELY, Circuit Judge:

Essentially upon the basis of the findings of fact and the carefully reasoned opinion of the District Judge, reported at 545 F.Supp. 486, 207 U.S.P.Q. 397 (C.D.Cal. 1980), we affirm the judgment upholding the validity of Pfizer's Patent No. 3,200,149.

A word here is proper, however, concerning the scope of the concept of materiality in determinations of whether a party's withholding of information from the Patent Office constitutes a fraud or inequitable conduct sufficient to operate as a bar to a claim of infringement. The parties vigorously dispute the proper standard of materiality as enunciated by this Court in prior cases. At oral argument the appellants asserted that the District Court's opinion was

contrary to three controlling Ninth Circuit decisions that address the issue of fraud before the Patent Office. *See W. R. Grace & Co., Inc. v. Western U. S. Industries, Inc.,* 608 F.2d 1214, 1218 (9th Cir. 1979), *cert. denied,* 446 U.S. 953, 100 S.Ct. 2920, 64 L.Ed.2d 810 (1980); *Maurice A. Garbell, Inc. v. Boeing Co.,* 546 F.2d 297 (9th Cir. 1976), *cert. denied,* 431 U.S. 955, 97 S.Ct. 2677, 53 L.Ed.2d 272 (1977); *Monolith Portland Midwest Co. v. Kaiser Aluminum & Chemical Corp.,* 407 F.2d 288 (9th Cir. 1969). We do not agree. The District Court's opinion is consistent with the standards announced in those cases.

 In judging whether misrepresentations made before the Patent Office rise to the level of fraud or inequitable conduct that would justify invocation of the maxim of unclean hands, we have not adopted, as the appellants argue, a definition of materiality that encompasses any information that "might affect" the patentability of the claimed invention. Rather, we have adhered to the proposition that false statements or omissions are material so as to constitute fraud before the Patent Office when such statements or omissions were a "*substantial cause*" of the patent grant or a "*crucial factor*" in obtaining the patent. *See W. R. Grace & Co., Inc.,* 608 F.2d at 1218; *Cataphote Corporation v. DeSoto Chemical Coatings, Inc.,* 450 F.2d 769, 773 (9th Cir. 1971), *cert. denied,* 408 U.S. 929, 92 S.Ct. 2497, 33 L.Ed.2d 341 (1972); *Monolith Portland Midwest Co.,* 407 F.2d at 296. The proper focus in determining the materiality of information misrepresented to or withheld from the Patent Office is on the *effect* of the misrepresentation or withholding upon the subjective considerations of the patent examiner. *See Norton v. Curtiss* 433 F.2d 779, 795 (Cust. & Pat.App.1970).

 The appellants have cited and relied on language in our cases that a patent applicant has a duty to disclose "all facts which may affect the patentability of his invention." *Monolith,* 407 F.2d at 294; *see Maurice A. Garbell, Inc. v. Boeing Co.,* 546 F.2d 297, 300 (9th Cir. 1976), *cert. denied,* 431 U.S. 955, 97 S.Ct. 2677, 53 L.Ed.2d 272 (1977). This standard is inapposite to a determination of the *materiality* of false statements or omissions before the Patent Office; rather, the *Monolith* language bears on another requisite element of fraud—that of state of mind, or scienter. *See W. R. Grace & Co., Inc.,* 608 F.2d at 1218. An inquiry into whether withheld information "may affect" the patentability of an invention must be distinguished from a determination of the actual impact of omitted information upon a patent examiner's decisions. The former is an inquiry into the state of mind of the applicant at the time the decision to withhold is made; the latter is an inquiry into the materiality of the information withheld.

 In addition to materiality, a party seeking to invalidate a patent by invocation of the doctrine of unclean hands must establish a sufficiently culpable state of mind on the part of the patent applicant. *Carpet Seaming Tape Licensing Corp. v. Best Seam Incorporated,* 616 F.2d 1133, 1138–39 (9th Cir. 1980). We have stated that only a showing of wrongfulness, willfulness, bad faith, or gross negligence, proved by clear and convincing evidence, will establish sufficient culpability for invocation of the doctrine of unclean hands. *See Carpet Seaming Tape Licensing Corp.,* 616 F.2d at 1138–39; *W. R. Grace & Co., Inc.,* 608 F.2d at 1218 (standard established if plaintiff's course of conduct "reveals a calculated recklessness about the truth").

 The District Court's opinion in this case was consistent with these standards. It found that the appellants failed to show by clear and convincing evidence that Pfizer misrepresented or concealed prior art, facts, or information material or pertinent to patentability. *See* 545 F.Supp. at 537, 207 U.S.P.Q. at 437. In making this determination the District Court properly relied on the patent examiner's testimony that he was not misled by Pfizer's representations, *id.* at 527, 207 U.S.P.Q. at 408, 430, and that certain information Pfizer withheld "would not have made any difference" to the patent examiner's decision, *id.* at 527, 207 U.S.P.Q. at 430. The evidence clearly

supports a finding that the information withheld by Pfizer was not a crucial factor or a substantial cause of the patent grant and, therefore, the District Court's conclusion that the information was not material is not error.

AFFIRMED.