724 F.2d 802
 221 U.S.P.Q. 313
 FAST HEAT ELEMENT MANUFACTURING CO., INC., a corporation,
Plaintiff-Appellant,
v.
RAMA CORPORATION, a corporation, and Amark Industries, Inc.,
a corporation, Defendants-Appellees.
FAST HEAT ELEMENT MANUFACTURING CO., INC., a corporation,
Plaintiff-Appellant,
v.
RAMA CORPORATION, a corporation, and Amark Industries, Inc.,
a corporation, Defendants-Appellees.
 Nos. 82-5421, 83-5970.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 7, 1983.
Decided Jan. 24, 1984.
 
 Martin Faier, Chicago, Ill., for plaintiff-appellant.
 Charles Wills, Wills, Green & Mueth, Los Angeles, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before GOODWIN, WALLACE and TANG, Circuit Judges.
 GOODWIN, Circuit Judge.
 
 
 1
 Plaintiff, Fast Heat Element Manufacturing Co., Inc., is the owner of the United States patents 3,970,821, entitled "Electrically Heated Torpedo" and 4,120,086, entitled "Method of Making Electrically Heated Nozzle." Both relate to devices designed for use in molding plastics. The device heats and directs a stream of molten resins into a form. The "Torpedo" patent claims the device itself while the "Method" patent claims the method of producing the device. The named inventor of both is an employee of Fast Heat.
 
 
 2
 Fast Heat sued Rama Corporation, a manufacturer of heating elements, and its parent, Amark Industries, alleging patent infringement. Defendants counterclaimed, alleging patent invalidity and seeking attorneys' fees. After a bench trial of some ten days, the court entered judgment for defendants, holding that the patents were unenforceable, invalid and void; that neither the method of manufacturing nor the devices manufactured and sold by defendants infringe the disputed claims; and that the defendants should recover attorneys' fees and costs.
 
 
 3
 The district court found that plaintiff had engaged in fraud and inequitable conduct in prosecuting the application in the Patent and Trademark Office, thereby rendering the patent invalid. Specifically, the court found that in submitting the results of comparative tests of heat distribution on the exterior of its devices Fast Heat misrepresented their relevance to the materials Nylon and Delrin which must be molded at much lower temperatures than those used in the tests. Furthermore, the inventor incorrectly stated that he was conducting further tests, the results of which would be submitted later. In fact, the inventor conducted no further tests. The Patent and Trademark Office had denied the inventor's applications for a patent before these misrepresentations. After the misrepresentations, however the Office granted the application.
 
 
 4
 The plaintiff has failed to carry its burden of showing the trial judge's findings to be clearly erroneous. The findings indicate that the misrepresentations were a "substantial cause" of the patent grant, W.R. Grace & Co. v. Western U.S. Industries, Inc., 608 F.2d 1214, 1218 (9th Cir.1979), cert. denied, 446 U.S. 953, 100 S.Ct. 2920, 64 L.Ed.2d 810 (1980), and that Fast Heat was, at least, grossly negligent about the truth. Cf. Pfizer, Inc. v. International Rectifier Corp., 685 F.2d 357, 359 (9th Cir.1982), cert. denied, --- U.S. ----, 103 S.Ct. 818, 74 L.Ed.2d 1016 (1983). We affirm the holding that these factors bar the enforcement of the patents against the claimed infringement.
 
 
 5
 Plaintiff further contends that the trial court erred in holding the patent invalid for obviousness and uninfringed by defendants. Because of our finding of fraud on the patent office we do not need to reach these arguments. The appeal also challenges a number of discretionary rulings by the trial court. None reveals a basis for reversing.
 
 
 6
 In patent cases, attorneys' fees may be awarded to the prevailing party in "exceptional cases." 35 U.S.C. Sec. 285. Exceptional cases have been held to include those involving fraud, calculated recklessness, and bad faith as well as conduct "short of fraud and in excess of simple negligence," Monolith Portland Midwest Co. v. Kaiser Aluminum & Chemical Corp., 407 F.2d 288, 294 (9th Cir.1969); such conduct either in prosecuting the application in the patent office or vexatiously litigating infringement may justify awarding attorneys' fees. Id. This circuit has restricted such awards to situations involving a finding of "bad faith or inequitable conduct on the part of the losing party that would make it grossly unjust for the prevailing party to be left with the burden of his litigation expenses." Carpet Seaming Tape Licensing Corp. v. Best Seam, Inc., 694 F.2d 570, 581 (9th Cir.1982), cert. denied, --- U.S. ----, 104 S.Ct. 78, 78 L.Ed.2d 89 (1983). Such awards are within the discretion of the district court. Mayview Corp. v. Rodstein, 620 F.2d 1347, 1357 (9th Cir.1980). Having reviewed the record, we find no abuse of discretion in the court's award of attorneys' fees.
 
 
 7
 After careful review, we find plaintiff's remaining arguments to be without merit.
 
 
 8
 Affirmed.