Milford A. CAMPBELL, Plaintiff-Appellant,

and

Campbell Machines Company, Third-Party-Defendant-Appellant,

v.

SPECTRUM AUTOMATION COMPANY, Defendant-Third-Party-Plaintiff-Appellee.

No. 77–1525.

United States Court of Appeals, Sixth Circuit.

Argued April 17, 1979.
Decided June 27, 1979.

Charles W. Chandler, Gifford, Chandler, Sheridan & Sprinkle, Birmingham, Mich., for plaintiff-appellant.

Robert G. Mentag, Donnelly, Mentag & Harrington, Detroit, Mich., for appellee.

Before WEICK and LIVELY, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PHILLIPS, Senior Circuit Judge.

Milford A. Campbell and Campbell Machines Company (hereinafter jointly referred to as Campbell) appeal from an order of the district court awarding Spectrum Automation Company (Spectrum) costs and attorneys' fees in this patent infringement case, previously decided on its merits by this court in *Campbell v. Spectrum Automation Co.*, 513 F.2d 932 (6th Cir. 1975).

Campbell presents a number of challenges concerning both the propriety and the amount of the district court's award of costs and attorneys' fees to Spectrum. The

principal issue raised by Campbell is whether the district court properly awarded attorneys' fees to Spectrum under Fed.R.Civ.P. 37(c),[1] and 35 U.S.C. § 285.[2]

We conclude that the contentions of Campbell are without merit and affirm the order of the district court.

I

Previous litigation in this case involved the validity and infringement of two patents on which Campbell's name appeared as the inventor. United States Patent No. 3,002,600 (patent '600) disclosed and claimed a rectangular, flexible tube for feeding workpieces between two work stations (flexible feed track) and United States Patent No. 3,224,553 (patent '553) disclosed and claimed a vibratory work feeding and orienting machine.

On July 2, 1970, Campbell filed suit against Spectrum for infringement of patent '553. Spectrum responded, asserting that patent '553 was invalid and counterclaiming that the district court should declare the patent invalid and not infringed. By further counterclaim, Spectrum sought a declaratory judgment of invalidity and non-infringement of patent '600. Subsequently, Campbell counterclaimed for infringement of patent '600 by Spectrum.

Spectrum filed a Motion for Summary Judgment, requesting the district court to declare patent '553 invalid as a matter of law under 35 U.S.C. § 102(b) because the invention described and claimed therein was on sale and in public use more than one year prior to Campbell's application for the patent. Following a hearing, the district court granted Spectrum's Motion for Summary Judgment, declaring patent '553 invalid and dismissing Campbell's complaint against Spectrum for infringement, without prejudice.

Subsequently, Spectrum filed a motion under Fed.R.Civ.P. 37(c) for expenses incurred in proving the invalidity of patent '553. Prior to filing its Motion for Summary Judgment, Spectrum had requested Campbell to admit, pursuant to Fed.R.Civ.P. 36, that the patented device had been offered for public sale and sold more than one year prior to the patent application. Campbell neither admitted nor denied that assertion. Rather, Campbell stated that he did not personally recall exactly when the patented machine was first sold or offered for sale, but that all business records relating to any such sales or offers had been destroyed in the regular course of business. The district court granted the motion, but reserved the question of the amount of the award for a future hearing.

A trial was had during August and September 1973 concerning the alleged infringement by Spectrum of Campbell's patent '600. During the course of discovery in this patent action, Spectrum requested that Campbell admit, pursuant to Rule 36, that Campbell was not the inventor of patent '600, but that Richard D. Zimmerman (the founder and president of Spectrum and a former employee of Campbell) was the inventor. Campbell denied the request, without elaboration. On June 26, 1974, the district court handed down its opinion, incorporating 68 findings of fact, in which it held that Campbell patent '600 was invalid, among other reasons, because Zimmerman was the inventor of the flexible feed track. The court also held that Spectrum had not

1. Rule 37(c) provides, as follows:

(c) **Expenses on Failure to Admit.** If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that

(1) the request was held objectionable pursuant to Rule 36(a), or (2) the admission sought was of no substantial importance, or (3) the party failing to admit had reasonable ground to believe that he might prevail on the matter, or (4) there was other good reason for the failure to admit.

2. Section 285 provides for the award of attorneys' fees in patent actions, as follows:

**285. Attorney fees.** The court in exceptional cases may award reasonable attorney fees to the prevailing party.

infringed patent '600. In its judgment of June 26, 1974, the court declared Campbell patents '553 and '600 invalid and not infringed by Spectrum.[3] The court further ordered that the question of attorneys' fees be determined upon motion and that Spectrum was entitled to recover its costs in the action.

Campbell appealed the judgment of the district court with respect to patent '600. The judgment of invalidity and non-infringement of patent '600 was affirmed by this court on the ground that Campbell was not the inventor of the patent in suit.

Thereafter, Campbell timely moved the district court for relief from judgment under Fed.R.Civ.P. 60 on the grounds of newly discovered evidence which he contended could not have been discovered by due diligence in time to move for a new trial under Rule 59(b). The district court denied this motion on the merits.[4] The court held that correspondence between Campbell and his patent attorney concerning the patent application for the flexible feed track, which Campbell sought to introduce, was not "newly discovered" because it had been in his possession at all times during the trial. The court pointed out that Spectrum had requested Campbell to produce for trial all such information concerning the application for patent '600. The court further noted that Campbell had responded to that request by stating that his attorney had all the requested information in his possession. The court stated that neither Campbell's testimony at trial regarding his efforts to locate such materials nor his affidavit accompanying his Rule 60 motion offered any reasonable explanation why these documents could not have been produced at the trial.

Campbell also sought to introduce, as "newly discovered" evidence, the testimony of a former employee. The district court found that Campbell had known of the existence of this witness at all relevant times prior to the filing of his Rule 60 motion. The court concluded that the fact Campbell had made no inquiry of this former employee concerning patent '600 did not make her testimony "newly discovered." The court further noted that the affidavit submitted by this former employee concerning her testimony indicated that her testimony either would contradict other testimony offered by Campbell or was cumulative and of only slight probative value.

On March 31, 1976, Spectrum filed a Motion for Attorneys' Fees and Expenses and for Taxation of Costs incurred by it as a result of the litigation regarding patent '600.[5] This motion also included a request for determination of the award relating to the proof of invalidity of patent '553,[6] which award the court had previously allowed but the amount of which had not been determined.

After a hearing on the motion, on September 29, 1976, the district court awarded Spectrum $45,680 for attorneys' fees, costs and expenses incurred by it in the patent litigation. Included in this amount were attorneys' fees of $31,363.15 incurred in the course of preparation and trial of the case concerning the validity of patent '600 and $1,995 for attorneys' fees incurred in opposing Campbell's Rule 60 motion, both awarded by the court under § 285. The award also included $7,024 for expenses and attorneys' fees incurred by Spectrum in establishing the invalidity of patent '553. These fees and expenses were awarded under Rule 37(c).

With respect to the award of attorneys' fees for patent '600, the district court found

---

3. Prior to this time a final judgment had not been entered relative to patent '553.

4. We note that the district court expressed considerable doubt whether it could grant a Rule 60(b) motion reopening a judgment, unless this court first granted leave to do so, since the judgment had been affirmed on appeal and the mandate of this court had been issued.

5. Spectrum requested attorneys' fees pursuant to 35 U.S.C. § 285, or alternatively under Rule 37(c). Spectrum sought an award of costs and other expenses in accordance with the provisions of 28 U.S.C. §§ 1821, 1920 and 1923.

6. This request was made pursuant to Rule 37(c), or alternatively under 35 U.S.C. § 285.

that, in accordance with § 285, exceptional circumstances existed to warrant such an award. In that regard, the court stated:

[Exceptional] circumstances exist in this case. The Court found plaintiff was not the inventor of the Patent numbered 3,002,600. Defendant, on April 17, 1972, asked plaintiff to admit that he was not the inventor of this patent, but that defendant's president, Mr. Zimmermann, was the inventor. Plaintiff denied the same. Had he not denied it the litigation would have ended there. A denial could not have been based on lack of recollection. Giving plaintiff the benefit of the doubt that he was not aware when he filed for the patent that he must be the inventor and not his employee and that his statement to to the patent office was not made in bad faith or with fraudulent intent, there can be no explanation of the false answer to the demand for admission.

With respect to the attorneys' fees award under Rule 37(c), the court observed that if Campbell had answered in good faith the request concerning when patent '553 had first been offered for sale or sold, Spectrum would not have been put to the expense of establishing alternative defenses. Therefore, the court concluded, attorneys' fees were appropriate with respect to proof of invalidity of patent '553.

Both Spectrum and Campbell moved the court to alter or amend its judgment of September 29, 1976. Spectrum's motion to amend concerned a clerical error that had been made in the September 29 judgment. Campbell requested an evidentiary hearing regarding the hours actually spent by Spectrum's attorney in establishing the invalidity of the patents. However, Campbell's motion challenged not only the amount of the district court's award, but also its propriety. In particular, Campbell argued that, with respect to patent '600, he had "reasonable grounds" to believe that he might prevail in the matter and he was therefore justified in refusing to admit, as Spectrum had requested, that he was not the inventor of the flexible feed track.

Thus, Campbell suggested, there was no basis for the court treating the case as an "exceptional" case justifying the award of attorneys' fees under 35 U.S.C. § 285. In that regard, Campbell requested an evidentiary hearing concerning the issue of "reasonable grounds," or whether he in good faith believed he was the inventor of the flexible feed track. At that hearing, Campbell intended to offer the evidence previously rejected by the court in his Rule 60 motion.

Following additional hearings on the issue of attorneys' fees, the district court amended its judgment of September 29, 1976, reducing the award of attorneys' fees in the prosecution of patent '600. The court found that certain of the fees previously awarded, in the amount of $272.50, were not properly allowable because they were not for legal services rendered. Due to a clerical error, however, the court found the total amount for attorneys' fees, costs and expenses was understated by $2,908.10, and added this amount to the award.

The court denied that part of Campbell's motion requesting an evidentiary hearing on the issue of his good faith in believing that he invented the flexible feed track and that he therefore had reasonable grounds to believe he would prevail in the action. On that part of the motion the court stated:

Plaintiff further requested an evidentiary hearing as to whether attorney fees should be awarded regarding Patent No. 3,002,600 at which hearing plaintiff sought to show that he had in fact invented this device, contrary to the finding of the Court at trial, and that, therefore, his actions were all in good faith and no attorney fees should be allowed. This portion of plaintiff's Motion IS DENIED for the reason that this evidence was proffered at the time the Court denied plaintiff's Motion for Relief From Judgment under Rule 60 on September 15, 1975. At that time the Court found on the same offered proofs that plaintiff was not entitled to relief from judgment. The Court is of the opinion that the plaintiff is not entitled at this time to reliti-

gate the factual issues that were the subject matter of the trial, and that the determination as to whether attorney fees should be awarded or not is to be based upon the trial of this action, supplemented by the Motion for Relief from Judgment under Rule 60, heard and denied over a year before plaintiff's present motion was filed.

Campbell was ordered to pay Spectrum $48,495.00 in attorneys' fees, costs, and other expenses.

This appeal followed.

## II

### A. Attorneys' fees—Patent '600

Section 285 permits an award of attorneys' fees in patent cases to the prevailing party where the circumstances of the case are "exceptional." This court has previously held exceptional circumstances to include conduct that is fraudulent, malicious, in bad faith, *Hoge Warren Zimmerman Co. v. Nourse & Co.*, 293 F.2d 779 (6th Cir. 1961), and unfair, inequitable, unconscionable, or similar conduct. *Deyerle v. Wright Manufacturing Company*, 496 F.2d 45 (6th Cir. 1974). *See also Eltra Corporation v. Basic Incorporated*, 599 F.2d 745, No. 77–3364 (6th Cir. May 21, 1979).

■ An award of attorneys' fees under § 285 is intended to compensate the prevailing party for costs that it would not have incurred but for the conduct of the losing party and is within the sound discretion of the district court. However, an award is proper only where the district court had made specific findings that bring the case within the "exceptional" definition. *Maurice A. Garbell, Inc. v. Boeing Co.*, 546 F.2d 297, 300 (9th Cir. 1976), *cert. denied*, 431 U.S. 955, 97 S.Ct. 2677, 53 L.Ed.2d 272 (1977); *Uniflow Manufacturing Co. v. King-Seeley Thermos Co.*, 428 F.2d 335 (6th Cir. 1970). An award of attorneys' fees will not be reversed unless the district court has abused its discretion or unless there has been an erroneous conception of the law on the part of the district judge. *Maurice A. Garbell, Inc.*, 546 F.2d at 300; *Uniflow Manufacturing Co.*, 428 F.2d at 341.

In this case, the district court stated, in its findings of fact and conclusions of law, that Campbell was not the inventor of the flexible feed track, but that Richard Zimmerman invented it while he was employed by Campbell. The court specifically discredited the testimony of Campbell as it related to his contention that he was the inventor of the flexible feed track. The court also pointed out the peculiar circumstance present in this patent infringement action of two persons who worked together both claiming to be the inventor of the object. The court concluded that, as such, Campbell was not confronted by matters not within his personal knowledge. This court affirmed the findings and conclusions of the district court. 513 F.2d 932, 935.

Furthermore, in its opinion awarding attorneys' fees and other costs, the district court noted that Spectrum had requested Campbell to admit that he was not the inventor of the flexible feed track. As the district court pointed out, had Campbell admitted that fact the litigation concerning patent '600 would have ended. The district court reiterated that the facts pertinent to the requested admission were known by Campbell. Thus, the district court reasoned, there could be no explanation for Campbell's false answer to the request for admission. Based on this, the court concluded the circumstances of the case were "exceptional" and awarded attorneys' fees to Spectrum.

■ The district court suggested that the conduct of Campbell may not have amounted to bad faith or intent to defraud the Patent Office. However, the district court's findings that Campbell was not the inventor, that his testimony was unbelievable, and that he was aware of the facts surrounding the invention because of his relationship with Zimmerman were more than ample to support a determination of bad faith on the part of Campbell for his inexplicable failure to respond truthfully to the request for admission, which had the effect of prolonging the litigation in this suit. We agree with the district court that

such conduct was sufficient to justify classifying the case as "exceptional" and awarding attorneys' fees to Spectrum. We find no abuse of discretion or misapplication of the law.

Campbell argues that the district court erred in denying him an opportunity to introduce evidence regarding his good faith in refusing to admit that he was not the inventor of the flexible feed track. Campbell contends that this question was first raised after trial by Spectrum's motion for attorneys' fees, and therefore, he was entitled to a hearing to present all the evidence regarding his good faith, even though such evidence was available for presentation at the trial.

■ An award of attorneys' fees under § 285 is addressed to the sound discretion of the district court based on an evaluation of the conduct of the parties to the litigation. A request for attorneys' fees made after a trial on the merits ordinarily will allow the court to dispose of the request on the basis of the record, since the issues relevant to that determination will have been brought out at trial. *Cf. W. L. Gore & Associates, Inc. v. Oak Materials Group, Inc.*, 424 F.Supp. 700, 702 (D.Del.1976) (disposition of a request for § 285 attorneys' fees where there has been less than a full trial [e. g. summary judgment] may require the taking of additional evidence, including an adversary hearing). We do not view a request for attorneys' fees under § 285 as necessarily requiring different or additional evidence from that adduced over the course of the litigation. Whether additional evidence will be allowed on the issue of attorneys' fees after a full trial on the merits of a patent action should be left to the sound discretion of the district court.

A troublesome question can be presented as to whether a litigant should be given an opportunity to explain a denial when an admission would mean the loss of his lawsuit. If a reasonable doubt existed as to whether Campbell acted in good faith in refusing to admit that he was not the inventor, an evidentiary hearing should have been conducted on the issue of good faith.

In the present case, however, the matters that Campbell denied were peculiarly within his own personal knowledge. Without extrinsic evidence, he knew whether or not he was the inventor. After hearing the evidence and observing the demeanor of the witnesses, the district judge included the following sentence in the findings of fact: "The court does not believe Mr. Campbell's testimony." 513 F.2d at 934, 940.

■ Furthermore, the issue of good faith or reasonable belief that Campbell was the inventor of the flexible feed track was before the court when it litigated the primary issues of validity and infringement. Any evidence that could have been introduced to support Campbell's contention that he was the inventor of the flexible feed track would necessarily have involved the presentation of facts from which the district court would determine whether exceptional circumstances existed or whether his contention was made in good faith. Indeed, the evidence that Campbell sought to bring before the court on the issue of attorneys' fees was the identical evidence he had previously proffered to the court in his Motion for Relief from Judgment, on the basis that the evidence was newly discovered and relevant to the factual issues that were the subject matter of the trial. Moreover, the record clearly demonstrates the district court's determination to award attorneys' fees under § 285 was based upon a review of the record developed at trial supplemented by the evidence proffered in Campbell's Rule 60 motion. We therefore conclude that the district court did not abuse its discretion in denying Campbell's motion for a hearing on the question of good faith.

### B. Attorneys' fees—Patent '553

An award of reasonable expenses, including attorneys' fees, shall be made under Rule 37(c) for costs incurred in proving the truth of the matters contained in a Request for Admission under Rule 36, unless (1) the request was held objectionable under Rule 36(a), or (2) the admission sought was of substantial importance, or (3) the party failing to admit had reasonable ground to be-

lieve that he might prevail on the matter, or (4) there was other good reason for the failure to admit.

In this case, Spectrum requested Campbell to admit that patent '553 had been offered for public sale and sold more than one year prior to his application for a patent, which Campbell did not admit. Subsequently, Spectrum made a Motion for Summary Judgment on the issue of his infringement of patent '553. The district court granted Spectrum's motion, finding that Campbell's patented device was in public use or on sale more than one year prior to his application for a patent and that Spectrum was therefore entitled to judgment as a matter of law. Thereafter, the district court allowed Spectrum expenses, including attorneys' fees, incurred in proving that patent '553 had been on sale or sold one year prior to Campbell's application for the patent.

■ In assessing whether the award of expenses under Rule 37(c) was proper, we note initially that Spectrum's Request for Admission was not objectionable under Rule 36(a). Rule 36(a) expressly permits requests to encompass "any matters within the scope of Rule 26(b)." Rule 26(b) permits discovery of "any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party." That a request seeks admissions on "ultimate facts," or is dispositive of the entire case, is irrelevant. *City of Rome v. United States*, 450 F.Supp. 378, 383 (D.D.C.1978); *Kaehni v. Diffraction Company*, 342 F.Supp. 523, 537–38 (D.Md.1972), *aff'd mem.*, 473 F.2d 908 (4th Cir.), *cert. denied*, 414 U.S. 854, 94 S.Ct. 151, 38 L.Ed.2d 103 (1973); 4A Moore's Federal Practice ¶ 36.04[8]. The rule expressly states that a party may not refuse to respond to a request on the sole ground that the "matter of which an admission has been requested presents a genuine issue for trial." Thus, the fact that an admission of prior sales of the patented device by Campbell would have effectively ended the litigation did not make objectionable the request for such admission.

■ The admission sought by Spectrum was clearly of substantial importance since it was dispositive of Campbell's claim of infringement of patent '553. Our review of the record indicates that Campbell had no reasonable ground to believe that he might prevail in the action. Specific sales of the patented device by Campbell more than one year prior to Campbell's application for the patent were brought to his attention by Spectrum well in advance of its request for an admission of that fact. Finally, Campbell offers no good reason, nor is one suggested by our examination of the record, for his failure to admit the prior sales, as requested. Accordingly, we find the award of expenses to Spectrum under Rule 37(c) appropriate.

The court has considered fully the other grounds asserted by Campbell for reversal and finds them to be without merit.

The judgment of the district court is affirmed.