Arthur A. Schmid, Plaintiff-Appellant,†

v.

Charlotte M. Olsen and American Family Mutual
Insurance Company, a domestic corporation,
and Associated Hospital Service, Inc.,
a domestic corporation, and United States of America,
Defendants-Respondents.

Court of Appeals

*No. 81–1004. Argued December 23, 1981.—Decided April 13, 1982.*
(Also reported in 320 N.W.2d 18.)

† Petition to review granted.

For the plaintiff-appellant there was a brief by *Joseph G. Doherty* of *Bunk, Conter, Doherty & Griffin, S.C.* of West Bend. Oral argument by *Joseph G. Doherty.*

For the defendants-respondents there was a brief by *Norman C. Skogstad* of Grafton. Oral argument by *Lydia Y. Cooley* of *Borgelt, Powell, Peterson & Frauen, S.C.* of Milwaukee.

Before Voss, P.J., Brown and Scott, JJ.

SCOTT, J. The issue on this appeal is whether the trial court abused its discretion when it relieved a party from the effect of its failure to respond to a request for admission under sec. 804.11, Stats. We hold that the trial court did not abuse its discretion because allowing withdrawal of the admission served presentation of the merits on a genuine issue in this case and because Schmid did not show that he was prejudiced. Accordingly, the judgment is affirmed.

This case arose out of a collision between a motorcycle driven by Arthur Schmid and an automobile driven by Charlotte Olsen on March 23, 1976 in Washington county. Schmid commenced this action to recover for his injuries, including the loss of his leg. Olsen and her insurer answered and denied liability.

After a pretrial conference, the circuit court issued a pretrial order on April 14, 1980 which stated that all discovery, except additional depositions of medical witnesses, was completed. The order allowed three and one-half to four days for trial and set the trial to begin on August 5, 1980 or on January 13, 1981. The court ordered the parties to submit proposed jury instructions, verdict forms and trial briefs by July 25, 1980.

Schmid's attorney then served the defense counsel with various requests for admission. The first one, on April

17, 1980, requested the defendants to admit the reasonableness of Schmid's medical expenses. The second one was served on July 15, 1980, three weeks prior to the first scheduled trial date. By this request, Schmid's attorney asked defendants Olsen and her insurer to admit (1) that Olsen was seventy percent causally negligent, and, (2) that Olsen gave a statement to her insurer after the accident in which she stated that she did not see the motorcycle prior to the collision.

The defense attorney made no formal response to any of Schmid's requests for admission. Both parties did, however, submit their proposed jury instructions and verdict forms by the end of July.

The trial did not take place on August 5, 1980. On January 5, 1981, eight days before the second scheduled trial date, the defense attorney wrote and asked the court to consider his letter as a formal denial of the request to admit. The court received a responsive letter from the plaintiff's attorney on January 12, 1981.

Trial began on January 13, 1981. The court heard arguments regarding the effect of the defendants' failure to respond to the admissions. The judge accepted the medical expenses as stipulated evidence and held Olsen's statement to be conclusively established because the defense attorney failed to make a timely response to the requests for admission. On the request to admit seventy percent causal negligence, the court noted that a request to admit need not be limited to facts but may be used to seek opinions or the application of law to facts. However, the court ruled that the request was not an appropriate demand in this case because it "ran to the complaint" and because the defendants denied liability in their answer.

The case then proceeded to trial. Schmid's attorney subpoenaed the two eyewitnesses and the investigating police officer, and all three testified. At the end of the trial, the jury found defendant Olsen twenty-five percent

causally negligent and assessed seventy-five percent of the causal negligence against Schmid. Schmid's attorney moved for judgment notwithstanding the verdict on grounds that the trial court committed error because it refused to hold that the admission constituted conclusive evidence of liability. The court denied Schmid's motion and ordered that judgment be entered dismissing the plaintiff's complaint with costs.

Requests for admission are governed by sec. 804.11 (1) (a), Stats., which provides:

A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of s. 804.01(2) set forth in the request that related to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request.

The matter of which an admission is requested "is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves . . . a written answer or objection . . . ." Sec. 804.11 (1) (b), Stats.

The effect of an admission is set forth in subsection (2) of the statute as follows:

Any matter admitted under this statute is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to s. 802.11 governing amendment of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining the action or defense on the merits . . . .

Schmid argues that because Olsen failed to respond to his request to admit seventy percent liability, the matter

is deemed admitted and is conclusively established. He claims that the trial court committed error because its ruling limits the use of requests for admission to matters which are not denied in the pleadings.

Requests for admission, under the express terms of the statute, may encompass "any matters within the scope of s. 804.01(2)," Stats. Under sec. 804.01(2)(a), Stats., discovery is permitted for "any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party . . . ."

The Wisconsin statute governing requests for admission is identical to Federal Rule of Civil Procedure 36. Both the Wisconsin statute and the federal rule were amended in order to eliminate a requirement that requests be limited to matters "of fact."[1]

---

[1] The former Wisconsin statute, sec. 889.22(1), Stats. (1973), provided as follows:

DEMAND TO ADMIT DOCUMENTS, FACTS; COSTS. (1) Any party to any action may, by notice in writing served upon a party or his attorney at any time after an issue of fact is joined and not later than 10 days before the trial, call upon such other party to admit or refuse to admit in writing:

(a) The existence, due execution, correctness, validity, signing, sending or receiving of any document, or,

(b) The existence of any specific fact or facts material in the action and stated in the notice.

Similarly, the earlier version of FRCP 36(a) stated:

ADMISSION OF FACTS AND OF GENUINENESS OF DOCUMENTS. (a) Request for Admission. After commencement of an action a party may serve upon any other party a written request for the admission by the latter of the genuineness of any relevant documents described in and exhibited with the request or of the truth of any relevant matters of fact set forth in the request.

In 1970, the federal rule was amended to its present form, which allows requests for admission "of the truth of any matters within the scope of Rule 26(b) [the general discovery rule correspond-

Under federal case law interpreting the amended rule, it is irrelevant that a request seeks admission of "ultimate facts," or that the matter is dispositive of the entire case. *Campbell v. Spectrum Automation Co.*, 601 F.2d 246, 253 (6th Cir. 1979) ; *City of Rome v. United States,* 450 F. Supp. 378, 383 (D.C. D.C. 1978), *aff'd,* 446 U.S. 156 (1980). Moreover, it does not matter that the plaintiffs bear the burden of proof on the issue they request the defendants to admit. *Adventures in Good Eating, Inc. v. Best Places to Eat, Inc.,* 131 F.2d 809, 812 (7th Cir. 1942) ; *City of Rome,* 450 F. Supp. at 383.

We agree with Schmid's contention that a party may not be relieved of the effect of its admission solely on the basis that the request for admission pertains to issues raised in the pleadings. We conclude, however, that the circumstances of the present case provide sufficient, independent grounds to support the trial court's decision to allow withdrawal from the admission.

As Schmid concedes, the trial court's decision to allow withdrawal from an admission was an exercise of discretion. *Brown v. Arlen Management Corp.,* 663 F.2d 575, 580 (5th Cir. 1981) ; *Warren v. International Brotherhood of Teamsters,* 544 F.2d 334, 340, 46 A.L.R. Fed 810 (8th Cir. 1976). The trial court expressly acknowledged

---

ing to sec. 804.01(2), Stats.] . . . that relate to statements or opinions of fact or of the application of law to fact. . . ." According to the notes of the advisory committee on the federal rules, this 1970 amendment eliminates the requirement that the matters be "of fact," resolves conflicting decisions as to whether matters of opinion or "mixed law and fact" were proper, and facilitates removal of issues from a lawsuit, thus reducing the proof required at trial.

In 1976, Wisconsin adopted the 1970 version of FRCP 36 and repealed sec. 889.22, Stats. The notes of the Judicial Council Committee state that the new version differs from the former statute because it provides that "the request need not be limited to 'fact or facts,' but may seek, when appropriate, opinions of facts or of the application of law to fact."

that requests under sec. 804.11, Stats., may seek admissions on mixed issues of law and fact. The court referred to the notes of the Judicial Council Committee (1974) to sec. 804.11, Stats. According to the committee, "the request need not be limited to 'fact or facts' but may seek, *when appropriate,* opinions of facts or of the application of law to fact" (emphasis added). The trial judge stated that "the key revolves around the words 'when appropriate.'" The court determined that Schmid's demand in this case was inappropriate not only because it pertained to the pleadings but also because the defendants denied liability in their answer.

Where a decision requires the exercise of discretion but fails to demonstrate on its face consideration of any factors on which the decision should be properly based, the decision constitutes an abuse of discretion as a matter of law. *Maier Construction, Inc. v. Ryan,* 81 Wis. 2d 463, 473, 260 N.W.2d 700, 704 (1978). However, this court is required to uphold a discretionary decision of the trial court if, from the record, it can be concluded *ab initio* that there are facts of record which would support the trial judge's decision had discretion been exercised on the basis of those facts. *Conrad v. Conrad,* 92 Wis. 2d 407, 415, 284 N.W.2d 674, 678 (1979).

The criteria for allowing withdrawal from an admission are set forth in the statute: "Any matter admitted under this statute is conclusively established unless the court on motion permits withdrawal or amendment of the admission . . . ." Sec. 804.11(2), Stats. A court may permit withdrawal or amendment of an admission when the "presentation of the merits of the action will be subserved thereby *and* the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining the action or defense on the merits." *Id.* (emphasis added).

The first criteria, whether the presentation of the merits will be subserved, was discussed in *Warren v. International Brotherhood of Teamsters,* 544 F.2d 334, 46 A.L.R. Fed. 810 (8th Cir. 1976). The plaintiffs requested an admission that their unions acted in bad faith. The unions did not file their responses until the second day of trial, after the statutory time limit expired. The plaintiffs moved to have the matter admitted. The unions specifically denied the matters sought for admission in their original answer and in their answer to the amended complaint, which was filed after the request for admission. The trial court allowed the unions to introduce evidence because the admission went to the merits of the lawsuit. *Id.* at 339. The court of appeals affirmed, noting that "there was every indication in advance of trial that the issues raised by [the requests] were to be controverted issues at trial." *Id.*

In *Pleasant Hill Bank v. United States,* 60 FRD 1 (W.D. Mo. 1973), the plaintiffs sued the government under the Federal Tort Claims Act for conversion of nursing home equipment and furnishings. The plaintiffs served requests for the government to admit that it sold the items in question. The government failed to make a timely response. The district court allowed the government to withdraw its admission. The court found that a key factual issue was involved in the request for admission and that allowing withdrawal would subserve presentation of the merits of the action. As the district court stated, "[i]f we disallow defendant's request to file its untimely answers, the fact of sale would stand admitted. This would produce an 'unjustified suppression of the merits,' a result which we find unacceptable." *Id.* at 4.[2]

---

[2] Similarly, in *Westmoreland v. Triumph Motorcycle Corp.,* 71 FRD 192 (D.C. Conn. 1976), the district court allowed the defendant to withdraw its admission. The court stated that the first test, of subserving presentation of the merits, was met because

In the present case, the trial judge stated that allowing the matter to stand admitted would not be appropriate. Liability was denied by the defendants in their answer and remained an issue throughout the litigation. By allowing Olsen to withdraw admission, the trial court granted full litigation of the liability issue. The trial court was in a superior position for determining whether liability was a genuine issue. We hold that the trial court's decision met the first test of sec. 804.11(2), Stats., and served presentation of the merits of the action.

Schmid's attorney argues that the second criterion, that of prejudice to the party obtaining the admission, was not met because he was prejudiced when the trial court allowed withdrawal of the admission. He claims that because he assumed liability was admitted, he stopped working on the liability portion of his case for the five month period between the deadline for response and the January trial date.

The burden of proving prejudice rests upon the party who obtained the admission. *Westmoreland v. Triumph Motorcycle Corp.,* 71 FRD 192, 193 (D.C. Conn. 1976) ; sec. 804.11(2), Stats. In *Westmoreland,* the court found no prejudice because the party was able to obtain the evidence required to prove the matters which had been admitted and because the party declined the court's offer to allow him additional time to prepare his case. *Id.* In *Pleasant Hill Bank,* 60 FRD at 4, the court found no prejudice to the claimants and noted that the claimants were aware since the date of the pretrial conference that the government disputed the admitted issues.

Schmid's attorney failed to present any circumstances to show he was prejudiced. He concedes that he never asked for an adjournment in this case in order to further

"the effect of upholding the admissions would be to practically eliminate any presentation of the merits." *Id.* at 193.

prepare his case. Moreover, he was able to subpoena his witnesses—the investigating police officer and two eye-witnesses—and all three witnesses testified.

As the court in *Westmoreland* stated:

The decision to allow the defendant to withdraw its admissions is essentially an equitable one. In this case the admissions were so vital to the defendant's case that they almost amounted to a complete admission of liability. It is unlikely that the plaintiff could reasonably have believed that the defendant intended to admit liability in this contested action. And if he did rely on that assumption, this court is loathe to reward what would have been an unreasonable reliance in order to glorify technical compliance with the rules of civil procedure.

71 FRD at 193.

We can find no basis for Schmid's claim that he was prejudiced when the court allowed Olsen to withdraw the admissions. Thus, we conclude that the trial court properly exercised its discretion in allowing Olsen to withdraw the admission and fully litigate the issue of liability.[3]

Finally, Schmid argues that the trial court's ruling which allowed Olsen to withdraw the admission was improper because Olsen did not bring a motion for withdrawal under sec. 804.11 (2), Stats.

---

[3] Our holding in this case is not intended to excuse the failure of Olsen's trial attorney to comply with the statute. The attorney's failure to make a timely response exposed his clients to the danger that liability would be conclusively established without affording them the opportunity to present their case at trial.

The denial, through pleadings, of the subject matter of the request for admission does not give rise to an automatic, absolute excuse for failure to deny a request for admission. The trial courts should, in viewing each case independently, view motions for withdrawal or amendment in a cautious manner. Otherwise, there might be little impetus to use the request for admission as a mechanism for expediting trial litigation.

It is not necessary for a party seeking to amend or withdraw an admission to make a formal written motion in every case. In *Dependahl v. Falstaff Brewing Corp.,* 491 F. Supp. 1188 (E.D. Mo. 1980), *aff'd,* 653 F.2d 1208 (8th Cir. 1981), the court rejected the plaintiffs' argument that admissions were conclusive because the defendants failed to move for withdrawal of the admissions. The court stated:

> Plaintiffs have been fully aware throughout the course of this litigation that defendants denied the substance of the admissions. The admissions go to the very heart of plaintiffs' claims, which claims were fully denied in defendants' answers to the complaint.
>
> . . . .
>
> Under these circumstances it would be extremely unfair to allow plaintiffs to prove the bulk of their case through these contested admissions. Although the defendants never filed a formal motion to withdraw their "admissions," their denial has been obvious throughout this litigation. Furthermore, plaintiffs, despite any reliance on the admissions, placed into evidence that proof which they could garner to support their case, and the issues covered by the admissions were fully litigated.

491 F. Supp. at 1194. (Footnote omitted.) *See also Evans v. Insurance Company of North America,* 349 So. 2d 1099, 1102–03 (Ala. 1977), and cases cited therein.

We hold that the trial court was properly authorized to consider whether to deem the liability issue as conclusively established. Olsen's attorney wrote the court on January 5 and asked that his letter be considered a formal denial. The issue of liability went to the very heart of the case. Because the defendants denied liability in their answer and because liability was at issue throughout the litigation,[4] it should have been obvious to Schmid's at-

---

[4] Olsen's attorneys on appeal argue that Schmid's requests for admission were barred because they were served after the pretrial order which stated that all discovery, except regarding medical

torney that Olsen and her insurer denied the substance of the admissions. The trial court properly exercised its discretion and allowed the issue of liability to be fully tried.

*By the Court.*—Judgment affirmed.

witnesses, was completed. Under the former version of FRCP 36, requests for admission were not considered to be discovery devices. *Pickens v. Equitable Life Assurance Society of United States,* 413 F.2d 1390, 1393 (5th Cir. 1969). However, we do not rule on whether the request for admission under sec. 804.11, Stats., is subject to the pretrial order closing discovery in this case because the issue was not raised in the trial court.

