Arthur A. SCHMID, Plaintiff-Appellant-Petitioner

v.

Charlotte M. OLSEN and American Family Mutual Insurance Company, a domestic corporation; and Associated Hospital Service, Inc., a domestic corporation, and United States of America, Defendants-Respondents.

Supreme Court

*No. 81–1004. Argued January 5, 1983.—Decided March 1, 1983.*

(Also reported in 330 N.W.2d 547.)

For the plaintiff-petitioner there were briefs by *Joseph G. Doherty* and *Bunk, Doherty & Griffin, S.C.*, West Bend, and oral argument by *Joseph G. Doherty*.

For the defendant-respondent there was a brief by *Mary K. Wolverton* and *Peterson, Johnson & Murray*, Milwaukee, and oral argument by *Ms. Wolverton*.

LOUIS J. CECI, J.   The issue presented is whether the trial court abused its discretion when it relieved a party from the effect of its failure to respond to a request for admission under sec. 804.11, Stats.[1]

---

[1] Section 804.11, Stats., provides:

"804.11 **Requests for admission.**   (1) Request for admission. (a) A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of s. 804.01(2) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. Copies of documents shall be served with the request unless they have been or are otherwise furnished or made available for inspection and copying. The request may, without leave of court, be served upon the plaintiff after commencement of the action and upon any other party with or after service of the summons and complaint upon that party.

"(b) Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time

The plaintiff's attorney had asked the defendants to admit that the defendant Olsen was seventy percent causally negligent. The trial court ruled that this request for admission was not an appropriate demand because it "ran to the complaint" and because the defendants had

as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or attorney, but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of 45 days after service of the summons and complaint upon the defendant. If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that he or she had made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to s. 804.12(3) deny the matter or set forth reasons why the party cannot admit or deny it.

"(c) The party who has requested the admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this statute, it may order either that the matter is admitted or that an amended answer be served. The court may, in lieu of these orders, determine that final disposition of the request be made at a pretrial conference or at a designated time prior to trial. Section 804.12(1)(c) applies to the award of expenses incurred in relation to the motion.

"(2) EFFECT OF ADMISSION. Any matter admitted under this statute is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to

denied liability in their answer. The court of appeals held that the trial court did not abuse its discretion because, upon independent review of the record, it determined that allowing withdrawal of the admission served the presentation of the merits on a genuine issue in this case and that the plaintiff did not show that he would be prejudiced.[2] We conclude that the trial court's decision was based upon an erroneous theory of law and, therefore, constitutes an abuse of discretion. Accordingly, we reverse and remand on this issue.

The plaintiff-appellant, Arthur Schmid, sustained bodily injuries when his motorcycle collided with an automobile being operated by Charlotte Olsen on March 23, 1976, in Washington county. Schmid commenced this action to recover for his injuries, including the amputation of his right leg below the knee. The complaint alleged that Charlotte Olsen's careless and negligent operation of her vehicle caused the collision. Schmid demanded damages of $750,000. Olsen and her insurer answered, denying any negligence or liability on her part.

After a pretrial conference, the circuit court issued a pretrial order on April 14, 1980, which stated that all discovery, except additional depositions of medical witnesses, was completed. The order estimated that the trial would take three and one-half to four days, and it set two alternate dates for the commencement of the trial,

s. 802.11 governing amendment of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining the action or defense on the merits. Any admission made by a party under this section is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against the party in any other proceeding."

[2] *Schmid v. Olsen,* 107 Wis. 2d 289, 320 N.W.2d 18 (Ct. App. 1982).

either August 5, 1980, or January 13, 1981. The court ordered the parties to submit proposed jury instructions, verdict forms, and trial briefs by July 25, 1980.

Schmid's attorney served the defense counsel with requests for admission under sec. 804.11, Stats. The first one, mailed to defense counsel on April 16, 1980, requested that Olsen and her insurer, American Family Mutual Insurance Company, admit the reasonableness and necessity of the plaintiff's medical expenses. The second request for admission was mailed on July 14, 1980, which was three weeks before the first scheduled trial date, but after the trial had been moved back to the second alternate date. By this request, Schmid asked Olsen and American Family to admit that Olsen was seventy percent causally negligent and that Olsen told her insurer she did not see the plaintiff's motorcycle before the collision.

The defendants did not respond to any of these requests during the thirty-day statutory period under sec. 804.11 (1) (b), Stats. They also failed to bring a formal motion to withdraw or amend the admissions after the thirty-day period had elapsed. Both the plaintiff's and the defendants' proposed jury instructions and special verdict forms dealt with the issue of comparative negligence. However, when the special verdict forms and jury instructions were submitted, in July, 1980, the thirty-day statutory period for response to the second request for admission had not yet expired.

On January 5, 1981, eight days before the second scheduled trial date, the defense attorney wrote a letter to the trial court, asking the trial court to consider the letter as a formal denial of the requests for admission. Schmid's attorney responded with a letter to the court, dated January 9, 1981, stating that Schmid was relying on the admissions resulting from the defendants' failure to respond.

The trial began on January 13, 1981. In his opening statement, the plaintiff's attorney told the jury that liability was not an issue to be tried in the case before them. The defendants' counsel objected. After the jury was excused, the trial court heard arguments regarding the effect of the defendants' failure to respond to the admissions. The court accepted the medical expenses as stipulated evidence and held that Olsen's statement to her insurer was conclusively established because the defense attorney failed to respond to the requests for admission. On the request to admit seventy percent causal negligence, the trial court noted that such a request need not be limited to fact or facts, but may seek, when appropriate, opinions of facts or of the application of law to facts. However, the court ruled that the request concerned a question of law and that in this situation, such a request was not "appropriate" because it ran to the complaint and because the defendants had denied liability in their answer.

The case proceeded to trial, and the plaintiff produced several witnesses in his behalf, including two eyewitnesses and the investigating police officer. The jury found the defendant Olsen only twenty-five percent causally negligent and assessed seventy-five percent of the causal negligence against the plaintiff. The plaintiff moved for judgment notwithstanding the verdict on the grounds that the trial court committed error because it refused to give effect to the admission that the defendant Olsen was seventy percent causally negligent. The court denied Schmid's motion and ordered that judgment be entered dismissing the plaintiff's complaint with costs.

The judgment was affirmed by the court of appeals. The court disagreed with the trial court's ruling that the defendant could not be held to the admission because the request for admission related to issues raised in the pleadings. However, the court concluded that there were

significant independent grounds to support the trial court's decision to allow withdrawal of the admission.

The court of appeals noted that a trial court's decision to allow withdrawal of an admission constitutes an exercise of discretion and that such an exercise of discretion should be based on the trial court's consideration of the criteria set forth in sec. 804.11(2), Stats., which provides that a court may permit withdrawal or amendment of an admission

"when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining the action or defense on the merits. . ."

The court of appeals concluded that the trial court's decision on this question constituted an abuse of discretion as a matter of law, since the decision failed to demonstrate, on its face, consideration of the proper factors. However, the court added, citing *Conrad v. Conrad,* 92 Wis.2d 407, 415, 284 N.W.2d 674 (1979), that it was required to

"uphold a discretionary decision of the trial court if, from the record, it can be concluded *ab initio* that there are facts of record which would support the trial judge's decision had discretion been exercised on the basis of those facts." 107 Wis. 2d at 295.

The court of appeals then discussed whether the requirements of sec. 804.11(2), Stats., for amendment or withdrawal of an admission had been met in the instant case. On the first question, whether the presentation of the merits would be subserved by permitting withdrawal of the admission, the court determined that the test had been met. It stated that liability was denied by the defendants in their answer and remained an issue throughout the litigation and that the trial court was in a

superior position to determine whether liability was a genuine issue. 107 Wis. 2d at 297.

The court also decided that the plaintiff's claim of prejudice resulting from the withdrawal of the admission had no basis, stating that the plaintiff's attorney had never asked for an adjournment in order to further prepare his case and that he was able to subpoena his witnesses on the first day of trial, and all three witnesses testified. *Id.* at 297–98. The court of appeals concluded that the trial court properly exercised its discretion in allowing the defendants to withdraw the admission and fully litigate the issue of liability. *Id.* at 298.

The court of appeals also rejected the plaintiff's argument that the trial court's ruling was improper because the defense had not brought a formal motion for withdrawal under sec. 804.11(2), Stats., holding that it was not necessary for a party seeking to amend or withdraw an admission to make a formal motion in every case. The court decided that because of the January 5, 1981, letter, the fact that the defendants had denied liability in their answer and because liability was at issue throughout the litigation, it should have been obvious to the plaintiff's attorney that the defendants denied the substance of the admissions.[3]

In order to determine whether the trial court's ruling concerning the effect of the admissions should be allowed to stand, the reasons given for the decision must be considered. The trial judge relieved the defendants from the effect of the admissions, reasoning that the request to admit seventy percent negligence was not an appropriate

[3] We agree with the court of appeals that it is not necessary for a party seeking to amend or withdraw an admission to bring a formal motion in every case. *See, Dependahl v. Falstaff Brewing Corp.*, 491 F. Supp. 1188 (E.D. Mo. 1980), *aff'd* 653 F.2d 1208 (8th Cir. 1981); *Evans v. Insurance Co. of North America*, Ala., 349 So. 2d 1099, 1102–03 (1977).

demand because it ran to the complaint and because the defendants denied liability in their answer. This is not the law in Wisconsin. As the court of appeals noted, the pertinent statute, sec. 804.11(1)(a), Stats., expressly provides that requests for admission may encompass "any matters within the scope of s. 804.01(2)." Under sec. 804.01(2)(a), discovery is permitted for

"any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party. . . ."

In 1976, Wisconsin repealed sec. 889.22, Stats., and adopted the language of Federal Rule of Civil Procedure 36 (1970). Under the former federal and Wisconsin rules, requests for admission were limited to questions of fact. The Judicial Council Committee's Note, 1974, explains that the current statute, unlike the former sec. 889.22, provides that "the request need not be limited to 'fact or facts,' but may seek, when appropriate, opinions of facts or the application of law to fact."

Federal decisions interpreting this rule do not support the rationale of the trial court's ruling that the request to admit was improper. The rule does not prohibit requests concerning "ultimate facts," nor does it matter that a plaintiff bears the burden of proof on the issues that he requests the defendants to admit. *City of Rome v. United States,* 450 F Supp 378, 383 (DC DC 1978), *aff'd,* 446 US 156 (1980). It is also irrelevant that a request seeks an admission which would be dispositive of the entire case. *Campbell v. Spectrum Automation Co.,* 601 F.2d 246, 253 (6th Cir. 1979) ; *Pleasant Hill Bank v. United States,* 60 F.R.D. 1 (W.D. Mo. 1973).[4]

---

[4] We believe that there is no compelling reason why a request to admit seventy percent negligence should be considered a nullity. "The rule [Federal Rule 36] is designed to expedite litigation, and

■ The decision to allow relief from the effect of an admission in this situation requires that the trial court exercise its discretion. *Warren v. International Broth. of Teamsters, Etc.*, 544 F.2d 334, 340 (8th Cir. 1976). The trial court erred, since its ruling limits the use of requests for admission to matters which are not denied in the pleadings. The court did not articulate as the basis for its decision the two criteria of sec. 804.11(2), Stats. It is well established that a decision which requires the exercise of discretion and which on its face demonstrates no consideration of any of the factors on which the decision should be properly based constitutes an abuse of discretion as a matter of law. *Maier Const., Inc. v. Ryan*, 81 Wis.2d 463, 473, 260 N.W.2d 700 (1978); *Wisconsin Public Service Corp. v. Krist*, 104 Wis.2d 381, 395, 311 N.W.2d 624 (1981); *McCleary v. State*, 49 Wis. 2d 263, 278, 182 N.W.2d 512 (1971). If a trial judge bases the exercise of his discretion upon a mistaken view of the law, his conduct is beyond the limits of his discretion. *First Wis. Nat. Bank of Oshkosh v. KSW Inv.*, 71 Wis. 2d 359, 364, 238 N.W.2d 123 (1976); *State v. Hutnik*, 39 Wis.2d 754, 763, 159 N.W.2d 733 (1968).

Even though there was an abuse of discretion in the case before us, reversal by this court is not automatic. A reviewing court is obliged to uphold a discretionary decision of a trial court, if it can conclude *ab initio* that there are facts of record which would support the trial judge's decision had discretion been exercised on the basis of those facts. *Maier Const.*, 81 Wis. 2d at 473; *Conrad v. Conrad*, 92 Wis. 2d 407, 415, 284 N.W.2d 674 (1979); *Hyslop v. Maxwell*, 65 Wis. 2d 658, 664, 223 N.W.2d 516 (1974).

---

it permits the party securing admissions to rely on their binding effect." *Rainbolt v. Johnson*, 669 F.2d 767, 768 (D.C. Cir. 1981). *See*, Advisory Committee Notes, Proposed Amendments to the Federal Rules of Civil Procedure, 48 F.R.D. 487 (1970) (Rule 36).

The court of appeals concluded that there were facts of record which would have supported the trial judge's decision had he determined that allowing the withdrawal of the admission would aid in the presentation of the merits and would not prejudice the plaintiff. We cannot agree, since we think there are facts which indicate that the trial court's decision was unsupportable and which, contrary to his conclusion, required that the withdrawal of the admission not be allowed.

We cannot accept Schmid's assertion that the withdrawal of the admission did not serve the presentation of the merits of the case, since liability was a key issue in the case and, aside from the defendants' failure to respond to the requests for admission, there was no indication that it was not a disputed issue. *See, Pleasant Hill Bank v. United States,* 60 F.R.D. at 3. As the court of appeals noted, liability was denied by the defendants in their answer and remained an issue throughout the litigation. 107 Wis. 2d at 299.

In his arguments to this court, Schmid emphasizes the prejudice issue. The court in *Pleasant Hill Bank* stated that

"if plaintiff would be prejudiced by permitting filing of the untimely answers, the Court would find it appropriate to accept the suppression of the merits of the action." 60 F.R.D. at 4.

We do not read the cases cited by the defendants and the court of appeals as being dispositive on the prejudice issue. In *Pleasant Hill Bank,* the court found that the plaintiff had long been aware that the government disputed the admitted issues and that, therefore, proof on the issue would be necessary at trial. The court concluded that the plaintiff had not carried its burden of showing resultant prejudice. *Id.* However, in the case before us, the defense counsel did not attempt to deny the requests

for admission until eight days before the commencement of the trial.

In *Westmoreland v. Triumph Motorcycle Corp.*, 71 F.R.D. 192, 193 (D.C. Conn. 1976), the court concluded that the plaintiff was not prejudiced by the withdrawal because the essential witness was available to testify at trial and because the plaintiff's counsel declined the court's offer of additional time. Schmid was able to subpoena the two eyewitnesses to the accident and the investigating police officer on the first day of trial. Schmid argues that the defendants' belated denial of liability did not afford him adequate time to prepare his examination of these witnesses. He also asserts that he did not have the opportunity to call another witness, whose testimony would have been beneficial to him. This court is not in a position to determine whether Schmid was able to present the testimony of all the witnesses who would have been available had the defendants' denial of the requests for admission been timely. However, it seems apparent to us that adequate preparation for trial entails much more than having witnesses available; the plaintiff's general preparation of the liability aspect of the case may well have suffered. The issue of prejudice was not addressed by the trial court. We feel that in this case the trial court should have determined the effect of the requests for admission and given proper consideration to the question of prejudice under sec. 804.11(2), Stats. Accordingly, the decision of the court of appeals is reversed in part and the cause remanded to the trial court for the exercise of its discretion concerning whether withdrawal of the admission will prejudice the plaintiff and should, therefore, not be allowed.

*By the Court.*—The decision of the court of appeals is reversed in part and the cause remanded for further proceedings not inconsistent with this opinion, as to all issues except damages.

STEINMETZ, J. (*Dissenting.*) I dissent from the result and disagree with the reasoning of the majority.

I agree with the trial judge, the Honorable J. Tom Merriam, who held that the demand made by plaintiff under sec. 804.11(1)(b), Stats., that the defendant and her insurer admit she was 70 percent causally negligent was not a proper subject area for demand.

The purpose of request for admissions is to define and limit the matter in controversy between the litigating parties. The rule saves the parties the time and effort of proving facts that will not be disputed at trial. *See generally* Harvey, Rules of Civil Procedure, Vol. 3, secs. 4166–4170 (1975).[1]

Sec. 804.11(1), Stats., permits requests to encompass "the truth of any matters within the scope of s. 804.01 (2) . . . ." Sec. 804.01(2)(a) permits discovery of "any matter, not privileged, which is relevant to the subject matter involved in the pending action, . . ." or information which "appears reasonably calculated to lead to the discovery of admissible evidence." In Graczyk, P., *The New Wisconsin Rules of Civil Procedure Chapter 804,* 59 Marq. L. Rev. 517 (1976), the new rule was interpreted as follows:

"The new rule enlarges the range of matters as to which an admission can be sought. Under the former section, a party could seek admissions of only those facts 'material in the action,' whereas under the new rule, by explicit cross reference to section 804.04(2) [804.01(2)], admissions can be sought regarding all relevant non-privileged matters reasonably calculated to lead to the discovery of admissible evidence." *Id.* at 520.

[1] "Strictly speaking, Rule 804.11 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document and merely wishes his opponent to concede their genuineness. If a party desires to discover what the facts are, he should resort to other discovery Rules rather than Rule 804.11." Harvey at 394.

The finding of 70 percent causal negligence is not relevant in the usual sense, nor does it lead to the discovery of admissible evidence. It is a conclusion based on evidence and law. The demand does not fit within the limited scope of discovery in sec. 804.01(2), Stats.

In the same article, the author also notes that the rule "offers a much improved procedure for obtaining from a party admissions of facts and other items of proof *over which there is no dispute* and which can be costly and time-consuming to prove at trial." *Id.* at 519. (Emphasis added.) The plaintiff contends that he should be allowed to make a causal negligence percentage demand, because it would expedite proof at the trial. Expedition alone is an insufficient reason if it leads to an injustice. This case represents a thoughtful and ingenious method by plaintiff's counsel to reach a quick, inexpensive result without risking a jury determination. However, if this practice is condoned, it will likely become a routine request by attorneys and become an abusive tool in most negligence cases.

Permitting such requests would not expedite litigation. In fact, it would complicate and increase the amount of litigation. Should the defendants' attorney in this case be held to an admission of 70 percent negligence by default by not denying the demand, the attorney would then probably be subjected to a malpractice suit brought by his client. To arrive at a damage figure, the client would have to prove the loss sustained caused by the attorney's negligence. This would necessitate a full trial to determine the actual liability of the parties in the original action.

Modern procedure law is intended to replace the old, cumbersome style. However, the result in this case returns Wisconsin to the cat and mouse technique of winning a case not on its merits, but on the other parties' failure to comply with procedural rules. I for one do

not want to return to that morass. The purpose of sec. 804.11, Stats., is to narrow down the proof necessary for trial, not to win one's case due to an attorney's negligence. The rules provide for a variety of sanctions that can be imposed for failure to make discovery. Sec. 804.12. The rule is intended to be flexible. A court should only make such orders "as are just." Sec. 804.12 (2)(a). I believe that in this case admitting causal negligence percentages is not just.

The majority relies on the confused reading of sec. 804.11(1), Stats., taken entirely from federal practice law (Federal Rule of Civil Procedure 36) and superimposes federal case law inappropriately on sec. 804.11(1). The language causing the confusion is "of the truth of any matters within the scope of s. 804.01(2) set forth in the request that relate to *statements or opinions of fact or of the application of law to fact.*" (Emphasis added.) That language could properly cause the federal courts to approve of requests for admissions whose answers may determine the outcome of a lawsuit and the majority cites federal cases for that proposition.

In my view, the majority's reliance on the federal cases is misplaced. This court has taken the position that federal decisions construing the procedural counterparts of the Wisconsin Rules of Civil Procedure are persuasive, but are not controlling. *Wilson v. Continental Insurance Cos.*, 87 Wis. 2d 310, 316, 274 N.W.2d 679 (1979). The cases have no precedential value and on this particular issue are not persuasive. They are easily distinguishable since the federal system does not embrace the doctrine of comparative negligence. The percentage evaluation of comparative negligence is a combination of fact and law unknown in federal law, at least as is relevant to this case.

We stated in *Britton v. Hoyt*, 63 Wis. 2d 688, 693, 218 N.W.2d 274 (1974), that while a trial court could de-

termine as a matter of law which party is more negligent, it may not assign exact percentages of liability. In *Britton,* the jury found each party 50 percent causally negligent, denying recovery to each party.[2] The trial court improperly changed the apportionment of negligence to 30 percent for the plaintiff, Britton, and 70 percent for the defendant, thus allowing Britton to recover. This court held the trial judge could not apportion percentages of negligence. If the percentages of negligence are not a proper area for the court to make findings of negligence contrary to a jury determination, it certainly follows that a judge cannot determine percentages of causal negligence because a party fails to answer a request for admission.

Sec. 804.11(1)(b), Stats., states: "The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter." The only reason for denying a negligence evaluation request is that the answering party disagrees. But according to the statute, such a response is improper. The statute goes on stating:

"An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that he or she had made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny."

How does a defendant make such an inquiry when such information is not available until the trier of fact has spoken? It is apparent this statute should not be applicable to requests for percentages of causal negligence.

Sec. 804.11(2), Stats., also states the "court may permit withdrawal or amendment when the presentation

---

[2] At the time of *Britton,* equal apportionment of negligence percentages denied recovery to both parties.

of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining the action or defense on the merits." Clearly, presentation of the merits was served in this case by allowing the liability issue to go to the jury rather than allow it to stand admitted. This is especially so since the jury reached an opposite conclusion of the request. Regarding the criteria of prejudice, the plaintiff could have properly requested an adjournment, but failed to do so. Had the plaintiff made such a request, an award of costs for preparation and terms for the adjournment assessed against the defendant would have been proper. There is nothing in this record to indicate that the judge would not have delayed the trial had he been asked. Nor does the record show any adjournment, had one been granted, would have necessitated a long delay. Judges give preference to rescheduling adjourned cases if their calendars allow it.

The practice of law suffers greatly with this decision. Each party will now attempt to wear down the other and catch them in a fatal trap of inadvertence and error. Litigants will suffer, as well as trial judges who will be required to rule on the sufficiency of answers or objections (sec. 804.11(1)(c), Stats.) on matters incapable of determination by anyone other than the trier of fact.

Let it be said the enemy of orderly legal procedure has been met and we are it. I believe this confusion stems largely from this state's decision to adopt the Federal Rules of Civil Procedure except for minor alterations, and superimpose it on Wisconsin's nuances of law without a careful analysis of the consequences.

I dissent.

I am authorized to state that CHIEF JUSTICE BEILFUSS joins in this dissenting opinion.