**In re Steven D. WADE, Debtor.**

**Steven D. WADE, Plaintiff,**

v.

**Pamela J. WADE, Defendant.**

Bankruptcy No. 3–93–32247.
Adv. No. 3–93–0143.

United States Bankruptcy Court,
S.D. Ohio, W.D.

Jan. 11, 1994.

Mitchell W. Allen, Franklin, OH, for plaintiff/debtor.

Thomas G. Eagle, Franklin, OH, for defendant/creditor.

## ORDER DENYING MOTION FOR EXPENSES AND FEES

WILLIAM A. CLARK, Bankruptcy Judge.

This matter is before the court upon the defendant's Motion For Expenses And Fees On Failure To Admit, the Memorandum of defendant and the Memo Contra by plaintiff/debtor.

Defendant/creditor's counsel relies upon Fed.R.Civ.P. 37(c) which reads as follows:

If a party fails to admit ... the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves ... the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (1) the request was held objectionable pursuant to Rule 36(a), or (2) the admission sought was of no substantial importance, or (3) the party failing to admit had reasonable ground to believe that the party might prevail on the matter, or (4) there was other good reason for the failure to admit.

Defendant's counsel had filed requests for admission which, after the initial objection, were resolved by plaintiff refusing to admit numbers 4, 5, 6 and 7.

Plaintiff continues to contend that such requests for admission were improper because the requests were for admission of mixed fact and law which were ultimate issues in the case, citing several cases from the decade 1960 dealing with requests for conclusions of law. Plaintiff further contends that the attorney fees are not warranted because the plaintiff had reasonable ground to believe he might prevail on the nondischargeability issues before the court.

The court has reviewed the three patent infringement cases cited by defendant in support of the granting of attorney fees for failure to admit requests for admission. Those cases are *Chemical Engineering Corp. v. Essef Industries, Inc.*, 795 F.2d 1565 (Fed. Cir.1986); *Campbell v. Spectrum Automation Co.*, 601 F.2d 246 (6th Cir.1979); *New Idea Farm Equipment Corp. v. Sperry Corp.*, 916 F.2d 1561 (Fed.Cir.1990). In the *Chemical Engineering* case for patent infringement, fees were allowed where the plaintiff refused to admit the truth of the fact that a water test had been conducted with certain results. In the *Campbell* case the court allowed attorney fees where the plaintiff refused to admit he was not the inventor and had made prior sales of the alleged patented matter one year before the patent filing. In the *New Idea Farm Equipment* case the court allowed one-half of the fees where the plaintiff refused to admit that another entity had developed an attachment to a harvester to avoid running over crops before or at the same time as the alleged patent was filed.

In the instant case, defendant requested plaintiff to admit that four of the plaintiff's obligations resulting from a divorce decree were in the nature of alimony, maintenance or support and, therefore, not dischargeable pursuant to Title 11 U.S.C. § 523(a)(5). Using the numbers as they appeared in the four requests for admission, the disputed requests for admission included the phrase "the obligation ... is in the nature of alimony, maintenance or support and is therefore not dischargeable pursuant to Title 11 U.S.C. § 523(a)(5)" in the following requests: (4) the obligation to pay $75.00 per week to defendant, (5) the obligation to pay on behalf of defendant 100% of the debts owed to J.C. Penney, Lake Jewelers and Discover Card, (6) the obligation to pay $400.00 to defendant for rent for an apartment for the defendant and minor child until the child is emancipated, and (7) the obligation that plaintiff continue to provide health insurance and uncovered extraordinary medical expenses for the wife for a period of eighteen months.

The cases cited by defendant do not support an award of attorney fees for the plaintiff's refusal to admit the ultimate facts of this adversary proceeding. The request required an admission of law and fact for which the law has only recently been clarified by the Sixth Circuit in the case of *Fitzgerald v. Fitzgerald (In re John Paul Fitzgerald)*, 9 F.3d 517 (6th Cir.1993). In the cited patent infringement cases the law was not intertwined with the facts as the law is in nondischargeability matters in bankruptcy. The patent infringement cases dealt nearly exclusively with facts and little or no law mixed into the blend. The facts of those cases are very different from the instant case in which each of the requests for admission included an interpretation of case law on the issue of nondischargeability in bankruptcy law.

The law in nondischargeability issues under 11 U.S.C. § 523(a)(5) has only recently been clarified during 1993 by the Sixth Circuit Court of Appeals.

This court disagrees with plaintiff's counsel's interpretation of *Long v. Calhoun (In re Calhoun)*, 715 F.2d 1103 (6th Cir.1983), and its application to the issues of this case as noted in this court's decision in *Gibson v. Gibson (In re Gibson)*, 157 B.R. 366 (Bankr. S.D.Ohio 1993). The issues were not so clear, however, that one could have predicted with reasonable certainty the result in this case. Plaintiff's counsel's refusal to admit what would have been the ultimate fact and law of the case was not unreasonable. More importantly, only the week before the trial of this proceeding clarification of the *Calhoun* doctrine occurred in the case of *In re John Paul Fitzgerald*, 9 F.3d 517 (6th Cir.1993). Further, the Fitzgerald case was decided two months after the denials of the requests for admission.

Within the provisions of Rule 37 of Fed. R.Civ.P. the court finds that plaintiff's refusal to admit the requests was based upon a reasonable legal ground and belief that plaintiff/debtor might prevail in this proceeding pursuant to the prevailing legal conclusions drawn from the *Calhoun* case at the time of the denial of the requests for admission.

For all of the above reasons, the court must deny the defendant's motion for expenses and fees for plaintiff's failure to admit the requests for admission.

IT IS SO ORDERED.